**Karol NELSON n/k/a Karol Bannon, Appellant (Petitioner Below),**

v.

**Anthony SCALZITTI, Appellee (Respondent Below).**

**No. 64A03–8911–CV–517.**

Court of Appeals of Indiana, Third District.

Dec. 4, 1990.

Stephen D. Vernia, Greco, Pera & Bishop, Merrillville, for appellant.

James A. Harris, Sachs & Hess, P.C., Hammond, for appellee.

STATON, Judge.

Karol Nelson appeals from the denial of her petition for child support modification and attorney fees, presenting the following issues for review:

I. Did the trial court erroneously fail to find changed circumstances so substantial and continuing as to make the terms of the existing support order unreasonable?

II. Did the trial court erroneously fail to calculate and enter a child support order in accordance with the Indiana Child Support Guidelines?

III.  Did the trial court err in failing to award attorney fees to Nelson?

We affirm.

On May 25, 1989, Karol Nelson, the custodial parent of Anthony Scalzitti's 9 year old child, filed a Petition for Contempt Citation and Modification of Court Order. A hearing was held on October 5, 1989, during which Nelson requested that a 1987 order for child support in the amount of $237.50 monthly be modified to an amount determined by application of the Indiana Child Support Guidelines.[1]  Nelson additionally requested attorney fees.

■  On October 24, 1989, the court issued an order denying Nelson's petition and this appeal ensued.[2]

## I.

### Changed Circumstances

IC 31–6–6.1–13(f) provides that modification of a support order issued in a paternity case may be made where the moving party shows a substantial change in circumstances.[3]  In determining whether a substantial change exists, the trial court must consider the totality of the circumstances. On appeal, we will reverse the trial court only where an abuse of discretion has been shown.  *Barnes v. Barnes* (1990), Ind.App., 549 N.E.2d 61, 64, *reh. denied.*

In our review of the trial court's decision, we do not weigh the evidence or judge the credibility of witnesses, but consider only the evidence most favorable to the judgment and the reasonable inferences flowing therefrom.  We will affirm where substantial evidence of probative value exists to support the trial court's decision.  *Id.*

■  The evidence most favorable to the judgment indicates that neither party had enjoyed a significant increase in income since the 1987 court order.  Scalzitti's income had increased by approximately 5% while Nelson's had remained constant. Some changes in the respective obligations of the parties had occurred.  Nelson testified that a portion of her household expenses were now being borne by her new husband.  Scalzitti testified that his mother, whom he had previously supported, had recently died, effecting a decrease in his household expenses partially offset by the loss of an income tax exemption.

Nelson opined that her expenses incurred to feed and clothe TN had increased, and stated that TN was currently involved in after school activities.  As of the date of trial, $260 had been expended for soccer and karate.

The trial court concluded that, although some change had been demonstrated, no change so substantial in nature as to require modification of the existing support order had occurred.  This finding is consistent with the logic and effect of the facts and circumstances before the court, and will therefore be undisturbed.  *Id.*

## II.

### Effect of Indiana Child Support Guidelines

■  Secondly, Nelson claims that the trial court erred by declining to issue an order for support determined by application of the Indiana Child Support Guidelines.  The Guidelines were adopted by the Indiana Supreme Court on October 1, 1989, for use in child support proceedings.  Nelson correctly asserts that the Guidelines are equal-

1.  A support award of approximately $128 weekly would have resulted from a Guideline-based calculation.

2.  Scalzitti contends that Nelson's appeal should be dismissed for failure to satisfy a prerequisite. He argues that a motion to correct errors should have been filed, inasmuch as the former text of Ind.Rules of Procedure, Trial Rule 59(A) provided that a motion to correct errors was mandatory when a party claimed that a monetary award was inadequate.  We reject Scalzitti's interpretation of T.R. 59, as a child support

order is intended to meet the needs of the child, and thus differs from an award of monetary damages intended to compensate one for a loss previously sustained.  *See* IC 31–6–6.1–13; IC 31–1–11.5–14.

3.  We note that this case arose before the July 1, 1990 amendment which provides that a modification may be made upon a showing that the existing order deviates by more than 20% from the guideline amount and the existing order was entered at least 12 months previously.

ly applicable to paternity actions and post-dissolution actions involving child support calculations. *Matter of Paternity of RBT* (1990), Ind.App., 550 N.E.2d 769, 771; *Ind. Child Support Guidelines, Preface.*

However, Support Guideline 4 provides as follows: "The provisions of a child support order may be modified only if there is a substantial and continuing change of circumstances."

Inasmuch as a finding of changed circumstances is a prerequisite to a child support modification, the trial court did not err in declining to calculate a revised amount by application of the Guidelines.

### III.

#### Attorney Fees

■ Lastly, Nelson contends that the trial court committed an error by failing to award her attorney fees. A trial court has wide discretion in awarding attorney fees in child support proceedings. It should consider: the resources of the parties; their economic conditions; and their respective abilities to earn an adequate income through employment. We will reverse a trial court's decision regarding attorney fees only for an abuse of discretion. *Barnes, supra,* 549 N.E.2d at 66.

Both Nelson and Scalzitti were, as of the trial date, employed full-time; neither professed to be indigent or incapable of continued employment. Neither demonstrated an inability to pay reasonable attorney fees. Additionally, the court opined that Nelson had pursued a complaint for a contempt citation without presenting any evidence of a child support arrearage or violation of court order.

We find no abuse of discretion; accordingly, the judgment of the trial court is affirmed.

HOFFMAN, P.J., concurs.

SULLIVAN, J., concurs with separate opinion.

SULLIVAN, Judge, concurring.

In Part II the majority approves of the trial court's denial of the child support modification petition for the reason that Support Guideline 4 provides that child support orders may be modified "only if there is a substantial and continuing change of circumstances." The majority then concludes that because no changed circumstances were demonstrated, the trial court's ruling was proper.

Although not effective until July 1, 1990, and therefore not applicable to the case before us, I.C. 31–6–6.1–13(f) now permits support modification solely upon grounds that the original support order differs by more than twenty percent from the amount indicated by the guidelines.

I do not interpret the majority decision today to hold that if the petition for modification here involved were filed after July 1, 1990, the trial court would be justified in "declining to calculate a revised amount by the application of the Guidelines." Opinion at 168.

Any and all petitions filed after July 1, 1990, seeking modification of a support order issued prior to October 1, 1989, the effective date of the Guidelines, require calculation of "a revised amount by application of the Guidelines." Any and all petitions filed seeking modification of a support order issued in consideration of the Guidelines are entitled to favorable consideration if the revised calculation reflects a deviation of twenty percent or more.

Subject to this caveat, I concur.