**Michael J. DYE, Appellant–Respondent,**

**v.**

**Joyce Denise YOUNG, Appellee–Petitioner.**

No. 88A04–9407–JV–265.

Court of Appeals of Indiana.

Sept. 13, 1995.

George M. Streckfus, Floyds Knobs, for appellant.

David P. Allen, Salem, for appellee.

## OPINION

BARTEAU, Judge.

Michael J. Dye appeals from the trial court's award of child support and attorney fees in a paternity action filed by Joyce Denise Young.

Two issues are raised, restated as:

1. Whether the trial court erred in ordering Dye to pay $110.00 per week child support; and

2. Whether the trial court erred in ordering Dye to pay Young's attorney fees.

## CHILD SUPPORT

Young introduced into evidence a signed child support guideline worksheet wherein she listed her weekly gross income from waitressing as $170.00 and Dye's weekly gross income from his roofing business as $500.00 per week. Young's worksheet calculated guideline child support to be $163.50. Young also introduced a credit application in which Dye listed his take home pay as $22,-000.00 annually. Young testified that she believed Dye earned approximately $500.00 per week.

Dye did not introduce a child support guideline worksheet or any evidence directly establishing his weekly gross income. He introduced federal income tax returns for 1988–90, and 1992, but not for 1991. He testified that it was difficult for him to determine weekly gross income because of his expenses related to his roofing business. He also testified that Young made $300.00 to $400.00 per week as a waitress during the years they resided together.

Dye also presented testimony that he had legal child support obligations for three other children. Young did not factor Dye's preexisting support obligations into the child support guideline worksheet she prepared.

Dye contends that the evidence Young presented on the issue of Dye's weekly income was insufficient to support the child support amount ordered by the court. We reject Dye's contention that Young bore the burden of proving Dye's income.

Indiana Child Support Guideline 3(B)(1), Income Verification, provides that a child support worksheet shall be completed and signed by both parties and filed with the court. Child Supp.G. 3(B)(2) provides that the statements of income shall be verified with documentation. Young complied with the requirements of Child Supp.G. 3 by submitting a worksheet and income verification.

Dye did not comply with the requirements of Child Supp.G. 3, the commentary to which provides that if a party does not agree with the income claimed by the opposing party, then a separate, signed worksheet should be submitted to the court showing the differing opinion of the appropriate child support calculation. Dye not only did not file his own worksheet, he never provided the court with a figure he claimed to be his weekly gross income. Thus, the court would be well within its discretion to adopt the figures supplied by Young in fashioning its child support order. Any failure in the burden of proof as to income was committed by Dye, not Young.

The dissent contends that it is error to enter a support award unless both parties have signed and submitted a child support worksheet. If such were the case, any time a party refused to submit a worksheet, no support award could be entered until the refusal was remedied through contempt proceedings.

While Child Supp.G. 3(B)(1) does state that the parties "shall" file a worksheet, it does not state the consequence of failing to file one. The dissent assumes such a failure prevents a trial court from entering a support award. A more logical assumption is that it prevents the non-complying party

from challenging the income figures arrived at by the trial court.[1]

However, because the trial court did not award the amount calculated by Young, and made neither findings concerning the income it attributed to each party nor completed its own child support worksheet, we are unable to determine whether the court in fact complied with the child support guidelines. Thus, we must remand to the trial court for clarification of its award. If the trial court complied with the guidelines, it should enter findings or complete a child support worksheet, detailing how it arrived at the $110.00 amount. The findings or worksheet should contain the figures assigned for income, child care, health insurance premiums and credit for Dye's support obligations to his other children as well as the percentage of support assigned to each parent. If the court deviated from the guidelines, it should enter findings or provide a worksheet demonstrating its calculations, as well as a written finding setting forth the factual basis for the deviation. Child Supp.G. 3(F)(2).

### ATTORNEY FEES

Dye contends that the trial court erred in ordering him to pay $750.00 of Young's attorney fees when he did not challenge paternity of the children. He also contends that he should not be obligated to pay more than half of Young's attorney fees.

A trial court has wide discretion in awarding attorney fees in child support proceedings. It should consider: 1) the resources of the parties; 2) their economic conditions; and 3) their respective ability to earn an adequate income through employment. We will reverse a trial court's decision regarding attorney fees only for an abuse of discretion. *Nelson v. Scalzitti* (1990), Ind.App., 563 N.E.2d 166, 168.

The record adequately supports the trial court's order that Dye pay $750.00, or approximately 75%, of Young's attorney fees. Young presented evidence that Dye had superior resources and earning ability and the trial court was well within its discretion to credit this testimony and order Dye to pay this percentage.

The case is REMANDED to the trial court for clarification of its award of child support. The award of attorney fees is AFFIRMED.

CHEZEM, J., concurs.

DARDEN, J., dissents with opinion.

DARDEN, Judge, dissenting.

I respectfully dissent. The trial courts of this state are mandated to properly use and apply the Child Support Guidelines, as adopted by our supreme court, which require both parents to submit a verified Child Support Guideline worksheet for the trial court's consideration in determining an award of child support.

Furthermore, although trial courts must have discretion to tailor a child support award to the circumstances, this discretion must be exercised within the methodological framework established by the guidelines, *McGinley–Ellis v. Ellis* (1994), Ind., 638 N.E.2d 1249, 1251–52, since rules which are adopted by our supreme court have the effect of law and are binding upon this court as well as the parties. *Eggers v. Wright* (1969), 253 Ind. 44, 245 N.E.2d 331, 334.

An award of child support is based upon the weekly gross income of both parents, which is required to be reported on a Child Support Guideline worksheet. Ind.Child Support Guideline 3(B)(1) states:

A copy of the worksheet which accompanies these Guidelines *shall be completed* and filed with the court in each case in which the court is asked to order support, including cases in which agreed orders are submitted, and worksheets *shall be signed by both parties,* not their counsel under penalties of perjury.[2]

1. Child Supp.G. 3(B)(2) supports such an interpretation. While it states that income statements "shall be verified with documentation of both current and past income," the accompanying commentary states the requirement of verification is merely a suggestion to judges that they take care in determining the income of each party.

2. The commentary to Child Support.G. 3(B)(1) explains: When one party does not agree with

(Emphasis added). Here, while Young submitted a completed and signed guideline worksheet, Dye did not. In *Cobb v. Cobb* (1992), Ind.App., 588 N.E.2d 571, 575, we held that it was error for a trial court to base its support order on an unverified unsigned worksheet. Similarly, and in light of the mandatory language of Child Supp.G. 3(B)(1), I believe the trial court here erred in awarding child support where only one parent submitted a worksheet.

A party who fails to submit a verified worksheet can be sanctioned by the trial court for failure to abide by the Child Support Guideline rules. In the case at bar, the record fails to demonstrate whether Dye's failure to submit a verified worksheet was inadvertent or willful. In my opinion, the trial court has an obligation to ensure the record reflects that the basis for its decision to award child support was framed within the methodology established by the Child Support Guidelines. *McGinley–Ellis, supra.*

The worksheet requirement is particularly important where, as here, the only evidence of Dye's weekly income is the unsupported estimate of $500.00 per week reported on Young's worksheet. Ind.Child Support Guideline 3(A)(2) provides:

> Weekly Gross Income from self-employment, operation of a business, rent, and royalties is defined as gross receipts minus ordinary and necessary expenses. In general, these types of income and expenses from self-employment or operation of a business should be carefully reviewed in order that the deductions be restricted to reasonable out-of-pocket expenditures necessary for the production of income. These expenditures may include a reasonable yearly deduction for necessary capital expenditures. *Weekly gross income from self-employment may differ from a determination of business income for tax purposes.*

(Emphasis added). As noted by our supreme court in *McGinley–Ellis, supra* at 1252, "[t]his approach was adopted in recognition of the fact that the self-employed and those in analogous situations often have an ability to control the structure and amount of their own compensation." Furthermore, Ind. Child Support Guideline 3(B)(2) provides:

> Income statements of the parents *shall be verified with documentation of both current and past income.* Suitable documentation of current earnings includes paystubs, employer statements, or *receipts and expenses if self-employed. Documentation of income may be supplemented with copies of tax returns.*

(Emphasis added).

While Dye did submit his tax returns for the years 1988, 1989, 1990, and 1992, he provided no income verification for 1993. Further, Dye wholly failed to submit evidence as to his business expenses for any year. Nevertheless, in his appellate brief, Dye posits that the information contained in the tax returns is indicative of his low income, and proof that the trial court's award of $110.00 per week is more than he is able to afford. I am not convinced of this assertion; however, the record, as presented for appellate review, is devoid of evidence to analyze the basis of the award for child support against Dye.

Dye testified that he pays approximately $60.00 a week in child support for two other children, he supports another child who is living with him, and he provides health insurance for D. and T. at a cost of $21.00 per child per month. Without passing upon the veracity of these statements, I cannot help but notice, however, that Dye also claims to have had income of only $687.00 for the year 1992. This contradictory evidence demonstrates not only the concern, as was noted above by our supreme court, that those who are self-employed "often have the ability to control and structure the amount of their own compensation," but also the need for business expense documentation. Therefore, because the record reveals neither a worksheet signed and verified by Dye, nor any documented evidence of his weekly gross income, I believe the trial court erred in ordering an award of child support in the first

the income claimed by the opposing party, the parties should sign and submit separate work-

sheets showing their respective opinions of the appropriate child support calculation.

place, absent proper documentation or evidence in the record in support thereof.

Furthermore, because the record fails to document Dye's financial resources, and because no verification of Dye's weekly gross income exists, as is required by Child Supp.G. 3(B)(2), I can only conclude the trial court abused its discretion in ordering Dye to pay $750.00 of Young's attorney fees.

Accordingly, I would reverse the trial court's .order directing Dye to pay $110.00 a week in child support and $750.00 of Young's attorney fees, and I would remand for a procedurally correct hearing.