**In re The Marriage of Debra L. (Siegel) CARMICHAEL, Appellant,**

v.

**Michael J. SIEGEL, Appellee.**

No. 29S05–9609–CV–604.

Supreme Court of Indiana.

Sept. 19, 1996.

Monty K. Woolsey, Franklin I. Miroff, Miroff, Cross, Ruppert & Klineman, Indianapolis, for Appellant.

Gloria Grinnan, Indianapolis, for Appellee.

## ON PETITION TO TRANSFER

PER CURIAM.

The Court of Appeals affirmed the trial court's judgment in this custody dispute despite the trial court's failure to enter special findings in support of the judgment upon a timely request for such findings.

Debra Carmichael and Michael Siegel divorced in 1992. By agreement, they shared legal and physical custody of their two children. Both parties have since remarried. In 1994, Debra's husband accepted an employment opportunity in Florida. Debra filed a Notice of Intent to Relocate and Petition for Modification of Custody, in which she requested primary physical custody of the children be placed with her in Florida. In response, Michael filed a Verified Petition for Modification of Custody, in which he asked that primary physical custody of the children be placed with him.

Debra made a timely, written request for special findings under Indiana Trial Rule 52. The trial court heard evidence and issued an Order stating that the original joint custody arrangement was to remain in effect. The Order further provided that during any period of time that Debra is outside the State of Indiana, physical custody of the children would remain with Michael. Despite Debra's request, the trial court did not issue special findings in support of the judgment.

Debra appealed, and the Court of Appeals affirmed. Debra seeks transfer.

Debra claims *inter alia* that the trial court committed reversible error by failing to issue special findings. We agree.

■ The relevant portion of Trial Rule 52(A) states as follows:

Upon its own motion, or the written request of any party filed with the court prior to the admission of evidence, the court in all actions tried upon the facts without a jury ... *shall* find the facts specially and state its conclusions thereon.... On appeal of claims tried by the court without a jury ... the court on appeal shall not set aside the findings or judgment unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses.

(Emphasis added). The purpose of special findings is to provide the parties and the reviewing court with the theory upon which the trial judge decided the case in order that the right of review for error may be effectively preserved. *McGinley–Ellis v. Ellis*, 638 N.E.2d 1249, 1252 (Ind.1994).

■ Under the clear, mandatory language of Trial Rule 52, a trial judge is not free to ignore a timely, written request for special findings. Debra was entitled to know the theory upon which the trial judge decided the case and to appellate review under the standard set forth in Trial Rule 52.

Accordingly, we now grant transfer, vacate the Court of Appeals opinion and remand with instructions to enter findings under Trial Rule 52.

All Justices concur.