Michael R. HOEHN, Appellant–
Respondent,

v.

Tina Marie HOEHN (now Koverman),
Appellee–Petitioner.

No. 10A01–9812–CV–473.

Court of Appeals of Indiana.

Sept. 17, 1999.

Linda B. Lorch, Lorch & Naville, LLC, New Albany, Indiana, Attorney for Appellant.

Stephen W. Voelker, Voelker Law Office, Jeffersonville, Indiana, Attorney for Appellee.

## OPINION

MATTINGLY, Judge

Michael Hoehn (Husband) appeals a trial court judgment declaring that Indiana law applies to the parties' dispute, modifying his child support obligation and awarding back child support, awarding attorney's fees to Tina Marie Koverman (Wife), and ordering Husband not to proceed further with litigation he initiated in Georgia. Husband raises seven issues, which we consolidate and restate as:

1. Whether the trial court properly determined it had jurisdiction to modify the parties' child support agreement when the parties' child support obligation was originally established in Georgia but the parties subsequently had jointly petitioned an Indiana trial court to modify the child support order;

2. Whether the trial court properly ordered Husband to provide support for his 18–year–old son who is attending college, when the parties' original agreement, as modified, provided that the support obligation would continue until the children reach the age of 18 years;

3. Whether the trial court properly calculated the modified child support obligation;

4. Whether the trial court properly denied Husband's request for a continuance

when Husband, who resided in Georgia, was served with notice of the hearing date 17 days in advance of the hearing but had actual knowledge of the action a week before he was served; and

5. Whether the trial court properly awarded attorney's fees to Wife on grounds Husband's conduct in the litigation was obdurate and in bad faith.

We affirm in part, vacate in part, and remand.

## FACTS AND PROCEDURAL HISTORY

Husband and Wife were married in Indiana in 1979 and their marriage was dissolved by a decree entered on November 6, 1984 by the Superior Court of Cobb County, Georgia (the Georgia court). In its decree, the Georgia court incorporated the parties' separation agreement dividing the marital property and resolving issues of custody of the parties' two children, child support, and visitation. Husband was ordered to pay $400 per month in child support. The obligation for each child was to continue until the child reached the age of 18, married, entered the military, ceased living with Wife, became self-supporting, or died.

After the marriage was dissolved, Wife and the children moved to Indiana. Husband remained in Georgia. In 1988, Wife petitioned the Superior Court of Clark County, Indiana[1] (the Indiana court) to register the Georgia decree pursuant to the Uniform Reciprocal Enforcement of Support Act (URESA), Ind.Code §§ 31–2–1–1 to –39,[2] and to modify the support and visitation provisions of the decree. Husband made a special appearance for the purpose of challenging the Indiana court's jurisdiction over him and moved to dismiss. The Indiana court determined it

had jurisdiction over Husband, denied Husband's motion to dismiss, and granted Wife's petition to register the Georgia decree.

After the Indiana court determined it had jurisdiction over Husband, Husband filed in that court a counter-petition to modify the visitation and support provisions of the decree. The Indiana court scheduled a hearing but Husband and Wife agreed to the entry of an order which increased Husband's support obligation and found Husband in arrears in the amount of $7,000. Husband did not appeal the order.

In 1990 and 1993, Husband and Wife filed, in the Indiana court, joint petitions to modify the child support provisions and those petitions were approved. Then, in 1998, Husband sought in the Georgia court a declaratory judgment that the Georgia court had jurisdiction and that his obligation to pay support for his older child would terminate when the child turned 18. A month later, Wife petitioned the Indiana court to modify the child support order and declare that Indiana law applied to the modified order. In response, Husband asserted that the Georgia court retains jurisdiction over the parties and the action. Husband conceded that he had "waived jurisdiction in specific previous voluntary joint modifications of his child support obligation, but had not permanently waived jurisdiction for any action his ex-wife or others would file in Indiana." R. at 122–23.

The Indiana court entered a judgment declaring that Indiana law applies and that Georgia has no jurisdiction over this case,[3] restraining Husband from proceeding with the litigation he initiated in the Georgia

1. Wife and the children were living in Clark County, Indiana.

2. URESA has been repealed and interstate enforcement of child support orders is governed, effective July 1, 1997, by the Uniform

Interstate Family Support Act (UIFSA), Ind. Code §§ 31–18–1–1 to 31–18–9–3.

3. At the time the Indiana court issued this judgment the Georgia court had not yet determined whether it had continuing jurisdiction.

court,[4] modifying the child support decree, awarding back child support, and awarding attorney's fees to Wife.

## DISCUSSION AND DECISION

### 1. *Jurisdiction of Indiana Court*

■ Because Husband submitted himself to the personal jurisdiction of the Indiana court when he petitioned that court for affirmative relief in 1988, and when he joined in petitions to modify in 1990 and 1993, the Indiana court properly determined that it had personal jurisdiction over Husband and that it had continuing, exclusive jurisdiction[5] over the parties' child support order.

■ When a party either seeks affirmative relief from a court or fails to object in a timely manner to the jurisdiction of a court, he has voluntarily submitted his person to that court. Having done so, that party will not be allowed thereafter to challenge the court's personal jurisdiction. *Schneider v. Schneider*, 555 N.E.2d 196, 199 (Ind.Ct.App.1990).

In *Schneider*, we determined that an Indiana trial court had jurisdiction to modify a child support order which had been entered as part of a Wisconsin divorce decree some 12 years earlier. The husband, who was the support obligor, had continued to reside in Wisconsin but the wife and children had moved to Indiana

shortly after the divorce. When the wife sought in an Indiana court to modify the child support order, the husband filed a motion for change of venue from the judge. His motion was granted and he subsequently filed a motion for modification of custody, visitation and support.

We held that the husband's act of obtaining a change of judge, without more, was sufficient to show that he had voluntarily submitted himself to the personal jurisdiction of the Indiana court:

> When a party requests affirmative relief, he is prevented from challenging personal jurisdiction on the theory of estoppel.... When [the husband] sought affirmative relief from the court, he voluntarily submitted himself to the jurisdiction of the court. He is now estopped from challenging the trial court's personal jurisdiction.

*Id.* at 199–200.

■ In the case before us, Husband is similarly estopped from challenging the jurisdiction of the Indiana court to modify the Georgia order which gave rise to his obligation to provide child support. Husband did move to dismiss Wife's first action in the Indiana court in 1988 on grounds the Indiana court had no jurisdiction over him. However, he did not appeal the denial of his motion. Subsequently, Husband petitioned the Indiana court in 1988 to modify his visitation rights and

---

4. In his brief, Husband asserts, without argument or citation to authority, that "This portion of the order is clearly unconstitutional and an abuse of the Court's discretion.... The Court had not [sic] authority to order the Respondent not to proceed with litigation in Georgia." Brief of Appellant at 31. Husband has not sufficiently presented an allegation of error for our review. Our rules require that each allegation of error be followed by an argument which contains not only the contentions of the appellant, but also the reasons in support of the contentions, citations to the authorities relied upon, and "a clear showing of how the issues and contentions in support thereof relate to the particular facts of the case under review." Ind. Appellate Rule 8.3(A)(7). When no cogent argument is presented, our consideration of the issue is

waived. *Quick v. State*, 660 N.E.2d 598, 600 n. 4 (Ind.Ct.App.1996). Notwithstanding the waiver, we note that a court may, in some situations, restrain a litigant from pursuing litigation in a court of another state. *See, e.g., New York, C. & St. L. R.R. Co. v. Perdiue*, 97 Ind.App. 517, 524, 187 N.E. 349, 351 (1933).

5. Under the provisions of UIFSA, upon the modification of a child support order issued in another state, an Indiana tribunal becomes the tribunal of continuing, exclusive jurisdiction. Ind.Code § 31–18–6–11(d). *And see* Ga.Code Ann. § 19–11–114(b) (Georgia court issuing a child support order may not exercise its continuing jurisdiction to modify the order if the order has been modified by a tribunal of another state pursuant to UIFSA).

in 1990 and 1993 he entered with Wife into joint petitions to modify the child support order. Because Husband has sought affirmative relief in the Indiana court on at least three occasions, he may not now challenge the Indiana court's jurisdiction over him. *See State v. Reeves*, 234 Ind. 225, 228, 125 N.E.2d 794, 796 (1955) (assertion that Indiana court lacked jurisdiction by virtue of failure to comply with certain provisions of URESA predecessor statute was waived by relator's general appearance in the trial court and participation in trial, and by his failure to raise the question of jurisdiction at the earliest opportunity). *And cf. Miller v. Moore*, 696 N.E.2d 888, 890 (Ind.Ct.App.1998) (personal jurisdiction not waived in action to modify out-of-state support order when respondent raised his jurisdictional argument immediately after entering his first appearance).

Despite the estoppel arising from his participation in the Indiana proceedings, Husband argues at length that, pursuant to the provisions of URESA and UIFSA, the Georgia court retained continuing jurisdiction over the child support order originally entered there. However, the provisions of URESA were no longer implicated after Husband sought affirmative relief from the Indiana court, as the Indiana court thus became the court of exclusive, continuing jurisdiction over the child support order. The trial court did not err when it determined that it had jurisdiction over proceedings concerning the order and that Georgia no longer had such jurisdiction.

### 2. *Award of Support for Child over 18 Years Old*

The trial court did not err to the extent its modification of the child support order obliged Husband to support his eldest child after the child's eighteenth birthday.[6] Husband asserts, without citation to authority, that "according to Georgia law a parent's obligation to support a child is terminated at age 18," Brief of Appellant at 36, and argues the Indiana court was obliged to follow Georgia law as to the duration of the support payments.[7]

■ The trial court properly applied Indiana law rather than Georgia law when it modified the parties' support order in 1998, because both parties had previously agreed to the application of Indiana law. In the parties' joint petitions to modify child support, which petitions were brought in the Indiana court in 1990 and 1993, the parties jointly sought to increase the support obligation "in accordance with the Indiana Guideline standards." R. at 91, 93. We further note that on appeal, Husband argues that while the duration of support should be limited in accordance with Georgia law, the amount of his weekly support obligation should be reduced by

---

**6.** Husband notes that under UIFSA, a "responding" Indiana tribunal may modify a foreign support order which has been registered in Indiana only when neither the obligor, the obligee, nor the child lives in the issuing state, Ind.Code § 31–18–6–11(a)(1)(A), or when all of the parties have filed in the issuing tribunal a written consent that the Indiana tribunal may assume continuing, exclusive jurisdiction and modify the support order, *id.* § 31–18–6–11(a)(2).

Because the Indiana court assumed its continuing, exclusive jurisdiction over this order some nine years before UIFSA took effect, the Indiana court can no longer be usefully characterized as a "responding" tribunal dealing with an order from a foreign "issuing" jurisdiction and "registered" in Indiana. As such, the Indiana court's authority to modify the order is not limited by this provision.

**7.** Husband concedes that "in Indiana a support obligation can continue to age 21." Brief of Appellant at 36. However, he appears to argue in the alternative that the Indiana court improperly extended the duration of this support obligation "since the parties to this matter agreed to terminate support at [age 18]." *Id.* When a child support order incorporates the provisions of a separation agreement, as did the original Georgia order, a modification to that order will, in almost every case, necessarily alter the terms to which the parties originally agreed. We are thus unable to address Husband's argument that this modified order was error because it varied from the parties' original agreement.

recalculating the obligation in accordance with the Indiana guidelines.

■ Parties may generally choose the law that will govern their agreements, *see, e.g., Barrow v. ATCO Mfg. Co.*, 524 N.E.2d 1313, 1315 (Ind.Ct.App.1988) (contract between the parties can specify the choice of law, and Georgia law applied because it was specified as controlling in each of the three agreements executed by the parties); *and see State ex rel. Greebel v. Endsley*, 269 Ind. 174, 175, 379 N.E.2d 440, 441 (1978) (under URESA, a foreign support order, when enforced by an Indiana court, becomes for all intents and purposes an Indiana support order). The parties before us here have chosen to modify their separation agreement in accordance with the Indiana child support laws. We find no error in the trial court's application of Indiana law to extend the duration of Husband's support obligation.

### 3. Calculation of Child Support Obligation

Husband argues the trial court's calculation of his modified child support obligation was erroneous because (1) the amount of Husband's income upon which the calculation was based was unsupported by any evidence other than Wife's estimate and (2) the "basic child support obligation" incorporated into the calculation of support where one child was residing at college for part of the year should have reflected the amount of support for the one child still living at home.

■ A judgment modifying a child support order will be affirmed unless it is clearly erroneous. *Garrod v. Garrod*, 655 N.E.2d 336, 337 (Ind.1995). So, a reviewing court will reverse an order which deviates from the presumptive amount arrived at through application of the Indiana Child Support Guidelines (the Guidelines) only when the trial court's determination is clearly against the logic and effect of the facts and circumstances before the court. *Id.* at 337–38.

■ The trial court's determination of Husband's current income was supported by sufficient evidence. Husband was notified of the hearing on the child support modification before us, but did not appear at the hearing. Wife, who is an accountant, presented a child support worksheet at the hearing and testified that while she did not know exactly how much Husband earned, she estimated his annual income to be over $100,000 based upon his lifestyle, the fact that he was an engineer, that he had told Wife several years prior to the hearing that he was earning in excess of $70,000, that he had recently built a home worth about $350,000 and that he owned three pieces of real estate in Georgia.

Husband appears to argue that the trial court could not properly determine a support amount because Husband did not appear at the hearing or provide any evidence and Wife did not "fil[e] a motion for production of documents asking [Husband] to provide information concerning his income." Brief of Appellant at 39. We addressed a similar argument in *Dye v. Young*, 655 N.E.2d 549 (Ind.Ct.App.1995), where a child support award was based primarily upon the wife's testimony that she believed the husband's earnings to be approximately $500 per week and upon a child support worksheet she introduced which used that figure. The husband did not introduce a worksheet or any other evidence directly establishing his gross income. We responded to the husband's argument that the evidence was insufficient to support the award by stating "[w]e reject [the husband's] contention that [the wife] bore the burden of proving [the husband's] income." *Id.* at 550. We further noted the "logical assumption" that when a party fails to file a worksheet in accordance with the child support guidelines, that party is prevented from then challenging the income figures arrived at by the trial court. *Id.* at 550–51. In the absence of any evidence from Husband, we cannot say the trial court abused its discretion when it modified the child support

order based upon its finding that Husband earned over $100,000 per year.

■ The trial court did err, however, to the extent its calculation of Husband's modified child support obligation was premised upon a "basic child support obligation" for two children when only one child was living at home and the other child was not living with Wife while that child was attending college.

When the parties to a child support order have more than one child, the Guidelines require the preparation of two worksheets. A regular Child Support Obligation Worksheet is prepared in order to determine the obligation for the child who regularly resides with the custodial parent, and a Post–Secondary Education Worksheet is prepared to determine an annualized obligation for the child who attends school and does not reside with the custodial parent while attending school. The obligation from the Post–Secondary Education Worksheet is then inserted into the Child Support Obligation Worksheet to determine the total obligation. *See* Ind. Child Support Guideline 6 cmt.

The Child Support Obligation Worksheet is applicable only to the child who regularly resides with the custodial parent. *Id.* However, the Worksheet upon which the trial court based its modified child support order reflects a "basic child support obligation" of $431, which is the amount listed in the Guideline Schedules for two children. Because the obligation arising from the trial court's Child Support Obligation Worksheet was premised on both children regularly residing with the custodial parent, and was not applicable only to the younger child, we must remand for a recalculation of Husband's modified obligation.

### 4. *Denial of Husband's Motion for Continuance*

Wife filed her petition to modify the child support order on September 15, 1998 and the trial court scheduled a hearing for November 10, 1998. The petition was sent to Husband by certified mail but was unclaimed. The petition was then served on Husband's Georgia counsel on September 21, 1998, and on October 16, 1998, counsel filed Husband's response to the petition. On October 24, Husband was served by a special process server with a copy of the pleadings and a notice of the hearing. The trial court found that Husband had actual knowledge of the dispute since October 16.

The trial court was within its discretion to deny Husband's motion for a continuance. Husband's *pro se* motion for a continuance was dated November 6 and was received in the Indiana court on November 12, two days after the hearing. It had apparently been sent to Wife's counsel by fax the day before the hearing. The motion indicates only that Husband "was served less than twenty (20) days from the date of the set hearing. This is especially burdensome because [Husband] does not live in Indiana." R. at 165. On appeal, Husband asserts he had good cause for requesting the continuance because "[h]e was notified of the hearing date only 17 days before the scheduled hearing.[8] If he had wanted to hire Indiana counsel to represent him, he would not have had time to do so." Brief of Appellant at 42 (footnote supplied).

■ The denial of Husband's motion was not error. The grant or denial of a motion for a continuance rests in the sound discretion of the trial court and will be reversed only for abuse of discretion. Such abuse of discretion will be found when the moving party has shown good cause for granting the motion. *In re L.C.*, 659 N.E.2d 593, 597 (Ind.Ct.App.1995). A trial court is not compelled to find good

---

8. The trial court found Husband had actual knowledge of the action some 25 days before the hearing.

cause based upon a bare allegation that the moving party is out-of-state, *see Multivest Properties v. Hughes*, 671 N.E.2d 199, 201 (Ind.Ct.App.1996), nor is it compelled to find good cause based upon an asserted inability to procure local counsel unless the moving party has acted with diligence in seeking counsel. *See Fetner v. Maury Boyd & Assocs., Inc.*, 563 N.E.2d 1334, 1338 (Ind.Ct.App.1990). Given the deference necessarily due a trial court's decision on this matter, and the absence of evidence that Husband sought local counsel or that he did so with diligence, we cannot say the trial court abused its discretion when it denied Husband's motion for a continuance.

### 5. *Attorney's Fees*

The trial court abused its discretion in awarding attorney's fees to Wife. The court found that Wife had incurred attorney's fees consisting of a $2,500 retainer for her representation in the Georgia portion of the litigation between the parties and of $1,500 for her Indiana counsel. The court awarded Wife a judgment for those fees on the ground Husband's conduct was "obdurate and in bad faith." R. at 174.

"Bad faith" as a basis for an award of attorney's fees implies conscious wrongdoing because of a dishonest purpose or moral obliquity. *Figg v. Bryan Rental, Inc.*, 646 N.E.2d 69, 76 (Ind.Ct. App.1995). While Husband failed to fully participate in the Indiana proceedings and vigorously challenged the Indiana court's jurisdiction over him in this action, Wife directs us to no evidence in the record suggesting any conscious wrongdoing on Husband's part and our independent search of the record reveals none. The award of attorney's fees absent any such evidence was error and thus must be vacated.

### CONCLUSION

The trial court properly determined it had jurisdiction over Husband in this action to modify his child support obligation,

it properly denied Husband's motion for a continuance, and it did not err in determining Husband's current income and in extending the support obligation for the eldest child beyond age 18. We vacate the trial court's award of attorney's fees to Wife and remand for a recalculation of the support obligation.

Affirmed in part, vacated in part, and remanded.

SHARPNACK, C.J., and BAKER, J., concur.