## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

May 29 2018, 10:20 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Kathleen A. DeLaney
Annavieve C. Conklin
DeLaney & DeLaney, LLC
Indianapolis, Indiana

ATTORNEY FOR APPELLEE

Russell T. Clarke, Jr.
Emswiller Williams Noland &
Clarke, P.C.
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Larry Martin,

*Appellant,*

v.

Gino Burelli,

*Appellee.*

May 29, 2018

Court of Appeals Case No.
18A-MI-25

Appeal from the Porter Superior
Court

The Honorable Jeffrey W. Clymer,
Judge

Trial Court Cause No.
64D02-1507-MI-6414

**Barnes, Judge.**

## Case Summary

[1] Larry Martin appeals the trial court's grant of a motion for preliminary injunction to Gino Burelli. We remand.

# Issue

Martin raises one issue, which we restate as whether the trial court properly granted a motion for preliminary injunction to Burelli.

# Facts

Burelli, Dominico Idoni, and Kevin MacKay are owners of a rare Briggs Cunningham Corvette that is valued at several million dollars. Burelli and Idoni each owned thirty-five percent of the vehicle, and MacKay owned the remaining thirty percent. The vehicle is currently located in Indiana.

In June 2009, Martin obtained a judgment in Maryland against Idoni for $250,600 plus ten percent interest per annum. In July 2015, Martin filed a notice of filing a foreign judgment in Indiana and a praecipe for writ of attachment and order for execution of the judgment. Martin alleged that Idoni had a thirty-five percent ownership interest in the vehicle that was sufficient to satisfy the judgment. The trial court entered a writ of attachment and order for execution of the judgment and ordered the Porter County Sheriff's Department to seize the vehicle.

Burelli filed a motion to intervene in the action, which the trial court granted. Burelli also filed a motion to vacate the writ of attachment and order for execution of judgment. Burelli alleged that he held an insurance policy on the vehicle with Zurich Insurance and that a condition of the policy was that the vehicle remain in Burelli's care, custody, and control. Burelli requested that the vehicle be returned to his possession to avoid cancellation of the insurance

policy. Burelli also argued that the vehicle should not be sold because Idoni owned only a minority interest in the vehicle. After a hearing, the trial court ordered that the vehicle be returned to Burelli's care "during the pendency of this action or until further order of the Court." Appellant's App. Vol. II p. 79. The trial court also found that a lien existed on the vehicle in the amount of Martin's judgment. Finally, the trial court ordered Burelli to provide a report to Martin and the court on January 1, 2016, and quarterly after that date regarding "[g]ood faith efforts to restore, market and sell such vehicle and report of vehicle location." *Id.* at 80. The trial court noted that Martin had the right to apply for further relief if the vehicle was not sold by August 2017. Burelli filed reports in January 2016, April 2016, July 2016, October 2016, January 2017, and May 2017.

[6] On September 18, 2017, Martin filed a verified motion for proceedings supplemental. He alleged that, with interest, he was now owed almost $430,000 and that Idoni had not satisfied the judgment. He also asserted that Burelli had filed late reports, failed to file a July 2017 report, failed to sell the vehicle, and failed to satisfy the lien. Burelli responded by filing a "Verified Motion for Temporary Restraining Order and Permanent Injunction." *Id.* at 145. Burelli asserted in his motion that, in September 2017, Idoni conveyed his interest in the vehicle to Burelli to satisfy a debt of more than $1,376,699 and that Burelli now controlled seventy percent ownership of the vehicle. Martin then filed a petition for contempt and sanctions against Burelli.

At a hearing on the motions, Burelli testified that he had retained a broker to sell the vehicle and that he would like until August 2018 to complete a sale. The broker also testified at the hearing. At the end of the hearing, the trial court stated:

> With respect to finding that the intervenor is in bad faith, the Court makes these findings: The Court -- the car is currently in the possession of either Top Flight Corvettes or Gino Burelli or Harbor. It is currently insured. It's insured through Zurich's policy with Harbor, so, therefore, as long as the car is still within Harbor's possession, it's part of the overall Zurich floor plan policy. One small concern that the Court has, which may address premiums with Harbor, is that to some extent perhaps the lienholders would be loss payees on this particular car, but I don't even know who it's titled to. It's titled to someone's name in Florida. But the Court makes these findings: That the car is currently in possession of Harbor which is pursuant to the August 7, 2015, order and the car is insured. The Court finds that there were quarterly reports that were made, although they were not made timely. The car is currently -- it appears to be safe and the car is currently insured. It appears that there's currently a contract -- a brokerage contract with Mr. Goldsborough which has a sliding scale. . . . The motion for bad faith and contempt is denied. The -- what I would like to do is clean up the record in such a way that it makes it easiest to sell the car because selling the car and getting the most money for the sale of the car benefits Mr. Goldsborough, benefits Mr. MacKay, benefits Mr. Burelli, and whenever it's sold, benefits the judgment, plaintiff, creditor. And the sooner that that happens, the better, and the sooner it benefits the judgment of the plaintiff.
>
> To the extent that the Court has heard evidence that says that that cloud that exists over the title, I don't know if there's anything that the Court can do to clean up that cloud in that it

appears right now that there are lienholders that are Larry Martin, judgment creditor, Mr. MacKay, and Mr. Burelli as some part owners of the vehicle. Given what Mr. Goldsborough has said, that he would satisfy those liens including Mr. Martin's lien before making distributions ultimately to Mr. Burelli which is the normal course of business with car assignment and car liens. So I ruled on the motion regarding contempt.

I ruled on the affidavit and striking the affidavit. I've sort of half ruled on the temporary restraining order. So what I want you to do, Mr. Bush, is submit an order that grants in part the temporary restraining order. What I want to do is I want to issue an order so if somebody looked at the court file, they'll see that the title is as clean as can possibly be.

Now, to address some other additional issues: The Court is not going to order that this be sold at the Barrett-Jackson auction in January. The Court finds that the obligation to make quarterly reports under the August 7, 2015, order continues to exist. The car is to remain in the possession of Harbor insured by Harbor/Top Flight Corvettes/Mr. Burelli until it's sold. The August 7, 2015, order said that the car should be sold. It did not say what would happen if it was not sold. The Court's convinced given what I've heard today that a forced sale, whether it's a sheriff sale in Porter County or sale at Barrett-Jackson, would not necessarily return the greatest amount of money although it would return the soonest amount of money, and I don't believe that's fair to Mr. Burelli.

\* \* \* \* \*

What they asked for -- you asked that this be sold at Barrett-Jackson in Scottsdale in January. That request is denied. The finding that they were held in contempt doesn't satisfy the Trial Rules. And -- however, the quarterly reports need to be filed on

time. Mr. Martin's interest is still protected through the Zurich insurance policy. . . . The lien is going to remain in place and go up by $68 every day at ten percent interest. Your client is going to get more money the longer that it takes to sell. Your client's interest is protected by order of this Court. . . .

Tr. Vol. II pp. 95-100.

[8]     The trial court then entered a written order as follows:

1.     That the Court finds that the subject Corvette automobile is currently in the possession of Intervenor Gino P. Burelli, II (hereinafter referred to as "Burelli"), and has been since the last Order of this Court, and is housed, per the requirements of a certain Zurich Policy of Insurance at the Harbor Automotive store located in Portage, Indiana;

2.     That Burelli shall continue to store, house and safe keep the Corvette pursuant to all requirements of the Zurich Insurance Policy, and shall maintain said Zurich policy insuring the subject Corvette until said vehicle is sold, or until further Order of this Court;

3.     That Burelli currently has a brokerage contract with Charles Goldsborough to sell said Corvette automobile; that Charles Goldsborough has been made aware of, and has acknowledged in open court, the judgment lien of Judgment-Plaintiff Larry Martin (hereinafter referred to as "Martin");

4.     That Martin's Verified Motion for Proceedings Supplemental should be and is hereby denied; that Martin's judgment shall continue to accrue interest at the judgment interest rate set forth in the Judgment

from the State of Maryland, Montgomery County, Cause No. 111475-C of 10% per annum on the unpaid judgment itself, until paid in full;

5. That Martin's judgment lien in the subject Corvette automobile is hereby confirmed by this Court, in the principal sum of $250,600.00, with present interest (November 30, 2017) in the amount of $185,449.29, for a total current amount of $436,049.29, with interest continuing to accrue at the rate of $68.61 per diem;

6. That Burelli's Verified Motion for Temporary Restraining Order and Permanent Injunction is granted, in part, in that Martin is preliminarily restrained and enjoined from any further attempt to seek physical possession of the subject Corvette automobile, or to have it sold at auction prior to midnight, August 7, 2018;

7. That during the period of time from the date of this Court Order until August 7, 2018, Burelli shall utilize his best efforts to sell the subject Corvette either individually, or through a broker, for the highest possible price given the unique nature of said Corvette automobile; that if said vehicle has not been sold and Martin's judgment lien satisfied, by said date, there will be an auction of some type as determined by the Court;

8. That Burelli shall prepare and file quarterly reports, concerning the efforts to sell and/or refurbish said Corvette automobile from the date of this Order through August 7, 2018, with the first quarterly report due on or before December 31, 2017, and quarterly thereafter until such time as the car is sold, or until further Order of this Court; the Court finds that the

quarterly reports required pursuant to prior Order of this Court were not timely filed; Burelli is cautioned that said reports must be filed timely or the Court may entertain a motion for sanctions should he fail to do so;

9. That in the event the subject Corvette is sold, said funds shall be held in escrow and disbursed by the broker or other sales agent in the following priority:

   a. the judgment lien of Martin shall first be satisfied including interest up to the date of payment (the broker or sales agent shall confirm the amount through counsel for Martin and counsel for Burelli);

   b. any brokerage or sales agent fee;

   c. any amount remaining due Kevin J. Mackay pursuant to the prior agreement between Kevin J. Mackay and Burelli;

   d. the remaining sum to be paid to Burelli;

10. That Burelli shall have the right to pay off Martin's judgment at any time, which payoff shall include interest up to the date of payoff;

11. That Martin's request for a finding of contempt and bad faith against Burelli is denied[.]

Appellant's App. Vol. II pp. 9-11. Martin now appeals.

# Analysis

[9] Martin is appealing the trial court's order in the proceedings supplemental in Martin's attempts to collect a judgment against Idoni. "Just as equitable principles are involved in proceedings supplemental as a remedy to creditors in discovering assets in collection of their judgments, it is appropriate under these specific circumstances for the trial court to exercise its equitable power here to protect the interests of" third parties, such as garnishee defendants. *Branham Corp. v. Newland Res., LLC*, 44 N.E.3d 1263, 1273 (Ind. Ct. App. 2015). "As a general proposition, the trial court has full discretion to fashion equitable remedies that are complete and fair to all parties involved." *Id.* (quoting *Swami, Inc. v. Lee*, 841 N.E.2d 1173, 1178 (Ind. Ct. App. 2006), *trans. denied*). "Nonetheless, trial courts will not exercise equitable powers when an adequate remedy at law exists." *Id.* "Where necessary, equity has the power to pierce rigid statutory rules to prevent injustice." *Id.* "But if substantial justice can be accomplished by following the law, and the parties' actions are clearly governed by rules of law, equity follows the law." *Id.*

[10] Here, Burelli filed a motion for a preliminary injunction to delay a sheriff's sale of the vehicle. On appeal, Martin argues that the trial court erred by granting Burelli's motion for preliminary injunction. In general, to obtain a preliminary injunction, the moving party must demonstrate by a preponderance of the evidence: (1) a reasonable likelihood of success at trial; (2) the remedies at law are inadequate; (3) the threatened injury to the movant outweighs the potential harm to the nonmoving party from the granting of an injunction; and (4) the

public interest would not be disserved by granting the requested injunction. *Cent. Indiana Podiatry, P.C. v. Krueger*, 882 N.E.2d 723, 727 (Ind. 2008). The reasonable likelihood of success at trial factor appears to be inapplicable here because we are dealing with proceedings supplemental, and there is no argument that Martin's lien is invalid. Injunctions in the context of proceedings supplemental, although rare, are permissible. *See, e.g.*, 13 Ind. Law Encyc. *Execution* § 36 ("An injunction to prevent a party from making use of a writ of execution will be granted where there is some recognized ground for equity to interpose its power to grant relief."). We also note that "[e]quity will not interfere to restrain a sale under execution of property belonging to a person other than the judgment debtor, unless such property has a special value, rendering compensation in damages impossible, or such sale will result in consequential damages, or the claim of one party involves or depends on some equitable interest or feature." 13 Ind. Law Encyc. *Execution* § 37 (citing *Boone v. Van Gorder*, 164 Ind. 499, 74 N.E. 4 (1905))

[11]    Indiana Trial Rule 52(A) requires a trial court to make special findings of fact without request "in granting or refusing preliminary injunctions." Further, Indiana Trial Rule 65(D) provides: "Every order granting temporary injunction and every restraining order shall include or be accompanied by findings as required by Rule 52 . . . ." A trial court's failure to enter findings of fact and conclusions of law, as required by Indiana Trial Rule 52 and Indiana Trial Rule 65, in an order granting a preliminary injunction constitutes reversible error. *GKC Indiana Theatres, Inc. v. Elk Retail Inv'rs, LLC.*, 764 N.E.2d 647, 651 (Ind.

Ct. App. 2002). "The purpose of Rule 52(A) is 'to provide the parties and the reviewing court with the theory upon which the trial judge decided the case in order that the right of review for error may be effectively preserved.'" *In re Paternity of S.A.M.*, 85 N.E.3d 879, 885 (Ind. Ct. App. 2017) (quoting *Carmichael v. Siegel*, 670 N.E.2d 890, 891 (Ind. 1996)). "Oral findings and conclusions can achieve this purpose so long as they are thoroughly detailed in the record." *Id.*

[12] Here, the trial court's order is lacking the required special findings of fact that are required pursuant to Indiana Trial Rule 52 and 65. The trial court's order addresses several motions, including the motion for a preliminary injunction. However, the specific portions of the order addressing the motion for preliminary injunction merely grant the preliminary injunction and give details on how Burelli should attempt to sell the vehicle. The trial court did not mention any of the factors that are considered in evaluating whether to grant a preliminary injunction. Even if we consider the trial court's oral comments at the end of the hearing, the findings are simply inadequate to permit appellate review. The trial court explained the relief it was ordering without explaining why an injunction was necessary. We remand this cause for the trial court to make specific findings of fact and conclusions thereon as required by Indiana Trial Rule 52 and Indiana Trial Rule 65.

# Conclusion

The trial court's findings are inadequate to permit appellate review of its order granting Burelli's preliminary injunction. We remand with instruction for the trial court to make specific findings of fact and conclusions thereon.

Remanded.

Vaidik, C.J., and Pyle, J., concur.