## SKELTON ET AL. *v.* SHARP ET UX.

[No. 20,047. Filed May 26, 1903. Rehearing denied November 4, 1903.]

QUIETING TITLE.—*Subsequent Purchaser.—Notice.—Failure of Clerk to Comply with Statute.*—A decree quieting title to real estate is a conclusive adjudication of title, not only as against the grantee, but as against all claiming under him; and a purchaser without actual notice of the decree is concluded thereby, though the clerk failed to comply with §1085 Burns 1901 requiring him to certify and cause to be recorded a transcript of the proceedings in the recorder's office, and with §7939 Burns 1901 requiring that he file a transcript of the decree with the auditor, for the purpose of taxation, who in turn is required to deliver the same to the recorder to be recorded. *pp. 386, 387.*

TAX DEEDS. — *Irregularities. — Quieting Title. — Lien.* — Section 8639 Burns 1901 setting out the irregularities required to defeat a tax deed applies to a deed both as a conveyance and as a lien. *pp. 387, 388.*

SAME.—*Collateral Attack.—Quieting Title.*—A complaint seeking to quiet title to real estate as against tax liens and ditch assessments, admitting an amount due on said liens to be determined

Skelton *v.* Sharp.

by the court, and an offer to pay, is not a collateral attack on tax deeds held by defendants, but a direct attack thereon; and the defendants having introduced tax deeds that the statute made *prima facie* evidence of title, the plaintiffs were entitled to show facts in rebuttal that rendered the deeds void in so far as they purported to convey title. *p. 388.*

TAX DEEDS.—*Burden of Proof Under Law of 1872.—Deed Not Prima Facie Evidence of Title.*—The burden of proof as to the validity of a tax deed issued under the law of 1872 (Acts 1872, p. 57) is not changed by subsequent legislation making tax deeds *prima facie* evidence of title. *pp. 388, 389.*

DRAINS.—*Assessments.—Liens.—Void Deeds.*—Under the provision of §5675 Burns 1901 that ditch assessments may be collected "as other taxes are collected" the holders of deeds based upon ditch certificates are, upon failure of their deeds, entitled to liens the same as the holders of void tax deeds. *pp. 390, 391.*

QUIETING TITLE.—*Ditch Liens.*—Where plaintiffs in a suit to quiet title based their complaint upon the theory that certain ditch liens were valid, and offered therein to pay the amount found due thereon by the court, they are not in a situation to assume the position that the ditch proceedings were so irregular as wholly to defeat all claim to a lien on such account. *p. 391.*

From Pulaski Circuit Court; *T. E. Howard,* Special Judge.

Suit by John C. Sharp and wife against Charles A. Skelton and others to quiet title. From a judgment for plaintiffs, defendants appeal. Transferred from Appellate Court, under §1337u Burns 1901. *Affirmed in part and reversed in part.*

*W. R. Gardiner, George Burson, H. A. Steis, M. M. Hathaway, E. A. Brown* and *C. E. Barrett,* for appellants. *N. L. Agnew, W. W. Borders, William Spangler* and *J. M. Spangler,* for appellees.

GILLETT, J.—Appellees' amended complaint charges that they are the owners in fee simple of a quantity of land in Pulaski county, Indiana, particularly described; that the defendants were the owners of, and conveyed and assigned, and caused to be conveyed and assigned, to the defendant Skelton, certain tax liens and ditch assessments against said lands; that said defendants, and each of them,

Skelton *v.* Sharp.

claim some right, title, or interest in said land because of said facts; that said claim of right and title is wholly unfounded, and is wrongful, adverse to plaintiffs' title, and a cloud thereon; that defendant Skelton is a nonresident of the State of Indiana; that the exact amount due on said tax liens and ditch assessments the plaintiffs can not ascertain or agree upon with the defendants, because of the fact that the amount thereof and the rate of interest and the penalties thereon are uncertain, and because of the fact that said Skelton and his assignors have received certain rents and profits out of said real estate, for which they refuse to account, and which should be deducted from any amount found due said defendants on said liens; that said plaintiffs are ready and willing to pay any amount found due said defendants on said liens, and they ask that the court compel an accounting, and fix the amount due the defendants on said liens; that plaintiffs admit that there is $800 due the defendants on said liens, and have paid said amount into court for their use, and will, whenever the amount thereof is ascertained, pay whatever balance may be due the defendants. The issues were closed by a general denial. The parties entered into a stipulation, in open court, providing that if the court should find for the plaintiffs it should ascertain the amounts due the defendants on account of tax titles, certificates, and tax certificates, and declare the liens thereof. At the request of the parties, the court found the facts and stated its conclusions of law specially. A decree was rendered quieting the title to all of the lands in appellees, subject to certain liens that we will mention hereafter, and ordering the land sold to satisfy said liens if they were not discharged in ninety days.

All of the questions in the case are based on exceptions to the conclusions of law. We shall first consider the argument presented on behalf of appellant Skelton.

1.   The leading contention of said appellant is that the special findings show that he is invested with the title to the greater part of the real estate in controversy.   William O. Rockwood and Winslow S. Pierce may be treated, for the purposes of this suit, as the source of title.   In the year 1858 they conveyed the land by deed to Oscar T. Moore, and the deed was duly recorded.   On October 29, 1880, one Keller, who appears of record to have had only a tax title to an undivided forty acres of the land in controversy, executed a deed for all of said real estate to one Bouslog.   In 1883 the latter executed a deed for the same to one Utter, and about a year afterwards the latter, in turn, executed a deed purporting to convey all of said lands to appellees.   In the year 1886 appellees commenced an action in the Pulaski Circuit Court against said Moore to quiet their title to all of said land, except said undivided forty acres.   This proceeding resulted in a decree in appellees' favor, the validity of which is not attacked.   In the year 1895 Moore executed a deed of all of said lands to a third party, and appellant Skelton is a remote grantee under said conveyance.

It is contended on behalf of Skelton that, as a purchaser without actual notice, he should be protected from said decree, as an adjudication of title, because of the omission to comply with §1085 Burns 1901, relative to the duty of the clerk to certify and cause to be recorded a transcript of the proceedings in the recorder's office, and because of the omission to comply with §7939 Burns 1901, which requires the clerk to file a transcript of the decree with the auditor, for the purposes of taxation, who, in turn, is required to deliver the same to the recorder to be recorded. Our cases have steadily maintained that such a decree is a conclusive adjudication of title, not only as against the grantee, but as against all claiming under him. *Fischli* v. *Fischli,* 1 Blackf. 360, 12 Am. Dec. 251; *Green* v. *Glynn,* 71 Ind. 336; *Farrar* v. *Clark,* 97 Ind. 447; *In-*

*diana, etc., R. Co.* v. *Allen,* 113 Ind. 308, 3 Am. St. 650; *Indiana, etc., R. Co.* v. *Allen,* 113 Ind. 581; *Davis* v. *Lennen,* 125 Ind. 185; *Satterwhite* v. *Sherley,* 127 Ind. 59, and see Black, Judgments (2d ed.), §4. Appellant Skelton has no title unless he derived it through Moore, and, to the extent that Moore is concluded, it must follow that Skelton, who is in privity with him, is cut off. He is bound to the same extent that he would have been if he had been a party defendant to the suit. *Ross* v. *Banta,* 140 Ind. 120, 130. No statute was needed to make the decree notice to a person who claims under the defendant in such action. Indeed, there is no question of notice involved. The decree, *ex proprio vigore,* concluded all in privity with the defendant, because as to them, as well as to such defendant, the title was thereby put at rest. The duties imposed by the statutes we have mentioned rest upon the officers, and not upon the plaintiff in the action, and we find nothing in the affirmative provisions of the enactments to take away the common law.

2. It is insisted that, as deeds had been issued on certain of said appellants' tax certificates, the irregularities in the prior proceedings that the findings disclose were not sufficient to avoid such deeds, inasmuch as the irregularities mentioned are not among those enumerated in §8639 Burns 1901. This section is also found in the tax law of 1881, and it has ever since been held, when the question has arisen, that, while the statutory deed was *prima facie* evidence of a good and valid title in fee simple in the grantee, yet that prior irregularities would avoid the deed in its operation as a conveyance of the land. Each of the grounds mentioned in said section seems to relate to a case where no lien would attach, because there would be no taxes due. The construction contended for would bring said section into conflict with §§8624, 8640, 8641 Burns 1901. If the deed was conclusive as against all other defects than those mentioned in §8639, there was

no propriety in providing in §8624 that the deed should be *prima facie* evidence of all prior proceedings; and if §8639 be given the construction contended for, it would be practically impossible for a state of circumstances to arise, such as is contemplated by §§8640, 8641, that would permit the court to decree a lien for the taxes where the deed was invalid for any cause. By §8639 it was evidently intended to prescribe the grounds that would defeat the · deed both as a conveyance and as a lien.

3. It is objected that the tax deeds of appellant Skelton were not open to collateral impeachment, being regular on their face. Appellees' complaint was in effect a complaint to quiet their title upon their performance of the decree. This amounted to a direct assertion that all other claims of title were mere clouds against which appellees' title should be quieted. The attack was as direct as if the tax deeds had been specially mentioned. Otherwise stated, the complaint was a challenge to appellants to assert their claims of title; and, they having introduced tax deeds that the statute made *prima facie* evidence of title, the appellees were at liberty to show facts in rebuttal that rendered the deeds void, in so far as they purported to convey title. *Faught* v. *Faught,* 98 Ind. 470; *Jennings* v. *Moon,* 135 Ind. 168; *Woodward* v. *Mitchell,* 140 Ind. 406; *Watkins* v. *Lewis,* 153 Ind. 648.

4. The complaint averred facts as to appellant Skelton that excused the making of a prior tender, and we think that the material averments of the complaint in this particular are shown by the findings to have been established.

5. The first conclusion of law is that the plaintiffs are the owners in fee simple of all of the real estate described in their complaint, subject, however, to the rights of the defendants as fixed in subsequent findings. This conclusion was incorrect as to the undivided one-half of the west half of the southwest quarter of section thirty-one, township thirty-one north, range two west. As to this tract of

land the chain of title runs thus: Rockwood and Pierce to Moore, Moore to Kuhn, Kuhn to Meeks, Meeks to Skelton. Keller received a tax deed for this tract of land in the year 1880, as referred to above, and appellees claim through him. At that time a tax deed was not *prima facie* evidence of title, and the findings do not show that the proceedings were regular. While the lien for taxes paid while the act of 1872 was in force may have been preserved by the acts of 1881 and 1891, we perceive no reason for holding that the subsequent legislation has changed the burden of proof as to the validity of a tax deed issued under the law of 1872. See *Earle* v. *Simons,* 94 Ind. 573. In construing the later enactments, in their application to a case like this, the courts can not be unmindful of the strong equity of the holder of the deed in his claim of a right of lien; but, if he claims more, we perceive no reason why the statutes should be strained in his favor. We think that, inasmuch as appellees failed to show that the proceedings under this tax deed were regular, it can not be treated as a conveyance of title from Moore. It is to be noted further that said undivided forty acres was not included within the lands described in appellees' complaint to quiet title in their suit against Moore. The mere negative pregnant in the sixth finding as to the possession and control of said land prior to 1885 does not show any such possession as would warrant the assertion of a title by adverse possession. Appellees have not brought themselves within the case of *Worthley* v. *Burbanks,* 146 Ind. 534.

We shall now consider the separate appeal of Dilts and the joint appeal of Dilts and Anstis, who were given liens for taxes and ditch assessments by the judgment of the court below. It is evident that these parties have no title to any of the lands in question, but they have liens. As they were residents of Pulaski county, and as the amounts due them could have been readily ascertained from the

records, it was not sufficient to offer to perform the judgment as to them. *Lancaster* v. *Du Hadway,* 97 Ind. 565; *Morrison* v. *Jacoby,* 114 Ind. 84; *Montgomery* v. *Trumbo,* 126 Ind. 331; *Reed* v. *Kalfsbeck,* 147 Ind. 148. However, as these parties contested the title, it is clear that they would not have drawn the money had it been paid in. They ought not, therefore, to complain that they were not afforded a *locus pœnitentiœ.* We think that the rights of said last named appellants can be protected by our mandate.

A further question remains, and that arises on appellees' assignment of cross-errors. It appears that the court, finding that certain deeds issued on sales based on certain ditch certificates were insufficient to convey title, allowed as liens the amount of said certificates, plus twenty per cent. interest. It is provided by §5675 Burns 1901 that demands of the character in question are to be collected "as other taxes are collected." This language suggests a legislative purpose to treat such demands as in the nature of taxes. In so far as the courts have had occasion to consider this statute, the disposition has been manifested to attach to such sales the ordinary incidents of other tax sales. *Cullen* v. *Strauz,* 124 Ind. 340; *Beatty* v. *Pruden,* 13 Ind. App. 507; *Board, etc.,* v. *Vurpillat,* 22 Ind. App. 422. It has been held that ditch assessments accruing under the section in question can not be enforced by suit. *Slorms* v. *Stevens,* 104 Ind. 46; *Lockwood* v. *Ferguson,* 105 Ind. 380. There must either be the remedy that is given to the holder of a tax deed based on a sale for general taxes, or else there is no remedy, and, as the statute warrants it, we adopt the view that the remedy suggested exists with its ordinary incidents. See *Bothwell* v. *Millikan,* 104 Ind. 162.

Appellees are not in a situation to assume the position that the ditch proceedings were so irregular as wholly to defeat all claim to a lien on such account, for their com-

plaint is based on the theory that such liens are valid, and they offer therein to account for the amount the court finds due.

The judgment of the court below is affirmed, except as follows: The judgment is reversed as to said undivided forty acres, and the court is directed to restate its conclusions of law so as to find for Charles A. Skelton as to that tract; and said court is directed to modify its second conclusion of law and judgment so as to exclude from said Skelton's lien any allowance on account of said undivided forty acres. The judgment of affirmance as to Dilts, and as to Dilts and Anstis jointly, is conditioned upon appellees paying into court for the use of said parties, within thirty days after this decree is certified to the court below, the amounts that will then be due them under the decree appealed from; otherwise, the court below is directed to restate its conclusions of law so as to find against appellees on their amended complaint as to the lands on which Dilts, and Dilts and Anstis, have liens.