FOWLER *v.* BURMASTER ET AL.

[No. 16,847. Filed May 8, 1942. Rehearing denied June 17, 1942.]

*Arnold, Degnan, Dohnalek & Goheen,* and *Robert Rodibaugh,* all of South Bend, and *Galeman Dexter,* of Plymouth, for appellant.

*Roy Sheneman,* of Walkerton, for appellee.

FLANAGAN, J.—Appellees brought this suit against appellant in ejectment, to quiet title and for damages for trespass.

The trial court found the facts specially, stated its conclusions of law and rendered judgment for appellees quieting their title to the involved real estate, awarding them $75.00 attorney fees and $75.00 damages and awarding to appellant the amount of $13.08 paid by appellant for the involved property at tax sale, the sum of $10.01 taxes thereafter paid by appellant, together with statutory interest, penalty and costs.

The sole questions assigned as error on appeal are presented under exceptions to the conclusions of law.

The special finding of facts discloses the following:

Appellee Harry F. Burmaster and his wife, Helen

Burmaster, on June 1, 1936, were the owners of the involved real estate as tenants by the entireties. During the month of June, 1936, Helen Burmaster died. On May 27, 1939, appellee Harry F. Burmaster married appellee Hanny L. Burmaster and by proper conveyances through a trustee had the involved property conveyed to appellees as tenants by the entireties.

On April 13, 1940, the auditor of Marshall County, the county in which the involved real estate is located, conveyed it by tax deed to appellant.

Appellees lived in Chicago, except during the summer months and week-ends when they lived in the dwelling house located on the property here involved.

On April 17, 1940, appellant without previous notice to appellees, and without their knowledge, went to the premises here involved, found the dwelling locked and occupied by furniture and household utensils of appellees, broke in and removed their personal property and thereafter kept appellees out of possession.

Prior to the filing of this action appellees called upon appellant and asked him if he would accept the taxes and statutory interest and penalties for redemption of the tax lien. Appellant stated that he would not and that the matter would have to be taken up with his attorney. Appellees thereupon tendered and deposited the sum of $33.78 with the clerk of the Marshall Circuit Court for the use of appellant.

The records of the auditor of Marshall County show that a list of lands delinquent for taxes for the year for which the involved property was sold, and including the involved property, was made and recorded by the auditor but his certificate attached thereto and notice form attached thereto each state that the items of described property were delinquent for *special assessments under the Barrett Law and Ditch Assessments*

and state nothing about delinquent taxes. There is a total failure by the auditor to certify on the record the manner in which the notice was posted, the place where it was posted, or the length of time it was printed or posted.

The court correctly concluded that the failure of the auditor to comply with § 64-2201 and § 64-2202, Burns' 1933, § 15806 and § 15807, Baldwin's 1934, made appellant's tax deed ineffective to convey title. *Bastin v. Myers* (1924), 82 Ind. App. 325, 144 N. E. 425; *Allen* v. *Gilkison* (1921), 76 Ind. App. 233, 132 N. E. 12; *Knotts* v. *Tuxbury* (1919), 69 Ind. App. 248, 117 N. E. 282. The court also found that appellees' personal property was not first resorted to, but questions raised as to the effect of that finding need not be considered as it was not necessary to the conclusion that the tax deed was ineffective to convey title.

Appellant insists that to defeat his title, appellees had to show one of the defects set forth in § 64-2416, Burns' 1933, § 15845, Baldwin's 1934. Our Supreme Court held contrary to appellant's contention in the case of *Skelton* v. *Sharp* (1903), 161 Ind. 383, 67 N. E. 535, in which the same question was presented with reference to a former statute which was in the same language.

Appellant seeks to avoid the effect of the above decision of our Supreme Court by contending that an equity case was there involved whereas this is a law case. We find no reason for giving the statute a different interpretation in a case at law than it is given in a case in equity.

Appellant being possessed of an ineffective conveyance it follows that the trial court correctly concluded

that he unlawfully broke into appellees' dweling, removed their property and detained possession of the premises.

Appellant next contends that the court erred in its conclusion that appellees should recover attorney fees under § 64-2413, Burns' 1933, § 15842, Baldwin's 1934, because they did not tender to him the amount of his lien plus the statutory interest and penalties as required by that statute.

It is elementary that the law does not require the doing of a useless thing. The trial court found that appellees went to appellant and asked him if he would accept the amount required by § 64-2413, Burns' 1933, § 15842, Baldwin's 1934, for redemption of his lien and appellant stated that he would not. They then paid the necessary amount to the clerk of the court for the use of appellant. This was sufficient compliance with the statute to entitle appellees to recover attorney fees.

We find no reversible error in the record.

Judgment affirmed.

NOTE.—Reported in 41 N. E. (2d) 629.