**Ted L. LEININGER, et al.,
Appellants–Plaintiffs,**

v.

**Jack E. GREN d/b/a IMCO, et al., Appellees–Defendants.**

**No. 02A05–9110–CV–00345.**

Court of Appeals of Indiana,
Third District.

July 28, 1992.

Transfer Denied Oct. 21, 1992.

Ralph R. Blume, Blume, Wyneken, Connelly, Jordan & Stucky, Fort Wayne, for appellants-plaintiffs the Leiningers.

David L. Peters, Peters Law Firm, Fort Wayne, for appellee-defendant IMCO.

HOFFMAN, Judge.

Appellants-plaintiffs Ted L. and Marjorie I. Leininger (the Leiningers) appeal the trial court's grant of partial summary judgment in favor of appellee-defendant Jack E. Gren d/b/a IMCO (IMCO).

The facts relevant to the appeal disclose that on January 27, 1977, the Leiningers took title to a parcel of real estate in Allen County, Indiana. On June 2, 1980, the Leiningers granted Patrick J. Bruggeman a mortgage on the property as security for a promissory note. At a tax sale on August 11, 1986, the auditor of Allen County sold the property to IMCO for $5,590.35, the amount of taxes due on the property. The auditor issued a tax title deed to IMCO on

October 12, 1988. On November 11, 1988, the Leiningers quitclaimed the property to Bruggeman.

On March 29, 1989, the Leiningers and Bruggeman filed a complaint to quiet title against IMCO, the Allen County treasurer and the Allen County auditor. In the complaint, the Leiningers made the following allegation:

"7. That beginning April 10, 1985, and continuing through October 1, 1988, monies were deducted from Marjorie I. Leininger's Fort Wayne Community School paychecks by the Allen County Treasurer to pay real estate taxes on the Real Estate. Upon inquiry to the Allen County Treasurer, the Leiningers were informed that said deductions were being applied to the real estate taxes due on the Real Estate keeping said taxes current."

After an extension of time, the Allen County treasurer and auditor filed their answer on July 17, 1989, admitting the above allegation.[1] On January 3, 1991, IMCO filed a motion for partial summary judgment to quiet title in its name and for ejectment of the plaintiffs. The court held a hearing on the motion on May 10, 1991, and granted the motion on June 26, 1991. This appeal ensued.

The Leiningers raise three issues for review on appeal:

(1) whether the trial court erred in granting IMCO's motion for partial summary judgment;

(2) whether the trial court erred in failing to find constructive fraud on the part of the Allen County treasurer; and

(3) whether the trial court erred in failing to find the doctrine of equitable estoppel applicable to the facts of the instant case.

■ First, the Leiningers claim the trial court erred in granting IMCO's motion for partial summary judgment. In reviewing a motion for summary judgment, this Court stands in the shoes of the trial court. A court may grant summary judgment only

1. IMCO filed a separate answer on October 27, 1989.

when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. The court must liberally construe all evidence in favor of the non-moving party and resolve any doubt against the moving party. Even if the non-moving party will not succeed at trial, summary judgment is inappropriate where material facts conflict or undisputed facts lead to conflicting inferences.

Ind.Trial Rule 56(C);

*Thomas v. Whiteford Nat. Lease* (1991), Ind.App., 580 N.E.2d 717, 718.

■ In support of IMCO's motion for partial summary judgment, the auditor of Allen County filed an affidavit containing, among other things, copies of the tax title deed and tax sale certificate for the property in question. According to IND.CODE § 6–1.1–25–4(d) (1988 Ed.), a tax deed is *prima facie* evidence of:

"(1) the regularity of the sale of the real property described in the deed;

(2) the regularity of all proper proceedings; and

(3) valid title in fee simple in the grantee of the deed."

IND.CODE § 6–1.1–24–11(a) (1988 Ed.) provides that a tax sale certificate is presumptive evidence of:

"(1) the truth of the statements contained in the certificate;

(2) the interest of the purchaser in the real property described in the certificate;

(3) the regularity and validity of all proceedings related to the taxes or special assessments for which the real property was sold; and

(4) the regularity and validity of all proceedings related to the sale of the real property."

Where, as here, the movant for summary judgment presents evidence which negates an element of the plaintiff's cause of action, and there is a *prima facie* showing in this evidence, the burden shifts to the plaintiff to demonstrate the existence of a genuine issue of material fact. *Chester v. Indianapolis Newspapers* (1990), Ind.App., 553 N.E.2d 137, 141. If the plaintiff does not show the existence of such an issue, the entire action will fail. *Id.*

IND.CODE § 6–1.1–25–16 (1988 Ed.) sets forth the proof required to defeat a tax title:

"A person may defeat the title conveyed by a tax deed executed under section 4 of this chapter only by proving:

(1) that the tract described in the deed was not subject to the taxes for which it was sold;

(2) that the delinquent taxes or special assessments for which the tract was sold were paid before the sale;

(3) that the tract was not assessed for the taxes and special assessments for which it was sold;

(4) that the tract was properly redeemed before the execution of the deed;

(5) that the proper county officers issued a certificate, within the time limited by law for paying taxes or for redeeming the tract, which states either that no taxes were due at the time the sale was made or that the tract was not subject to taxation;

(6) that the description of the tract was so imperfect as to fail to describe it with reasonable certainty; or

(7) if a person with a substantial property interest of public record (as defined in IC 6–1.1–24–1.9) in the tract before the deed was executed is claiming adversely to the deed, that the notices required by IC 6–1.1–24–4, IC 6–1.1–24.4.2, and section 6 of this chapter were not given in the manner prescribed."

Although there is no mention of IND. CODE § 6–1.1–25–16 in the Brief of Appellants, the Leiningers allege in their complaint to quiet title that the auditor failed to comply with IND.CODE § 6–1.1–24–4 by not sending them a certified mailing of the notice of tax sale (see IND.CODE § 6–1.1–25–16(7)). However, the affidavit the auditor filed in support of IMCO's motion for partial summary judgment contains a copy of the certified mailing of the notice of tax sale sent to the Leiningers and a copy of the post office receipt for said mailing. The Leiningers filed affidavits in opposition to IMCO's motion for partial summary judgment, but the affidavits neither refute

the auditor's affidavit nor contain any evidence of another defect set forth in IND. CODE § 6–1.1–25–16. Consequently, the trial court's grant of partial summary judgment was proper.

In their reply brief, the Leiningers cite *Skelton v. Sharp* (1903), 161 Ind. 383, 67 N.E. 535, and *Fowler v. Burmaster* (1942), 112 Ind.App. 43, 41 N.E.2d 629, for the proposition that they can defeat IMCO's tax title without showing one of the defects set forth in IND.CODE § 6–1.1–25–16. Both cases contain language that lends itself to the Leiningers' claim; however, the cases are over fifty years old, and the statute has undergone several amendments since the 1940's. The legislative intent is clear from the words of IND. CODE 6–1.1–25–16 that a person may defeat a tax title *"only by proving"* one of the seven defects. (Emphasis supplied). Again, the trial court's grant of partial summary judgment was proper.

Due to our resolution of the above issue, we need not address the second and third issues.

Affirmed.

RATLIFF, C.J., and STATON, J., concur.