SWAMI, INC., Appellant,

v.

Robert LEE, Allen County Treasurer,
et al., Appellee.

No. 02A05–0509–CV–516.

Court of Appeals of Indiana.

Feb. 8, 2006.

John S. Bloom, Brian M. Simpson, Shambaugh, Kast, Beck & Williams, Fort Wayne, for Appellant.

Matthew J. Elliott, Andrea R. Dick, Beckman Lawson, Fort Wayne, for Appellees.

## OPINION

NAJAM, Judge.

### STATEMENT OF THE CASE

Swami, Inc. ("Swami") appeals from the trial court's grant of summary judgment in favor of Intervenor, Thelma Retz and from the denial of Swami's cross-motion for summary judgment on Swami's objection to the issuance of a tax deed. Swami presents five issues on appeal, which we consolidate and restate as:

1. Whether the trial court erred when it applied the plain meaning of the words and phrases in Indiana Code Section 6–1.1–25–16 and refused to set aside a tax sale.

2. Whether Swami is entitled to relief under Indiana Trial Rule 60(B) based on an alleged misrepresentation by an employee in the Allen County Treasurer's Office regarding the amount of real property taxes due.

3. Whether Indiana Code Section 6–1.1–25–16 violates a taxpayer's due process rights under the United States Constitution and the Indiana Constitution.

We affirm.

### FACTS AND PROCEDURAL HISTORY

Swami is a for-profit Indiana corporation. Its investors and officers are Subhash Reddy, Santosh Reddy, Ravi Bathina, and Rahda Bathina.[1] Subhash is the president of Swami. Subhash, his wife Jyothirmai, Ravi, and Rahda are medical doctors, and Santosh is a realtor. At all relevant times, Swami's principal place of business was Subhash's personal residence.

In 1999, Swami purchased two adjoining parcels of real property in Allen County. One parcel, a twenty-three acre lot commonly known as 9100 Illinois Road in Fort Wayne ("the Swami property"), is the subject of this appeal. Swami paid no property taxes on the Swami property from May 11, 2000, through July 2002.

1. Because the individuals involved in this matter have last names in common, we refer to those individuals by first name.

On July 1, 2002, the Allen County treasurer's office certified the Swami property for placement in the 2002 Allen County fall tax sale. On July 23, 2002, the Allen County auditor's office sent, by certified mail, a written notice of the tax sale to Swami's address of record. The notice was returned to the auditor's office marked "Returned to Sender—Undeliverable as Addressed—Unable to Forward." In fact, Subhash had moved his personal residence four times in the three-and-a-half-year period following Swami's purchase of the Swami property. In November 1999, Subhash executed a notarized change of address affidavit to change the address of record for five properties that he personally owned, but he filed nothing to change the address of record for the Swami property.

The auditor's office searched its records and local phone books but found no other address for Swami. Obtaining another address after searching by property, the auditor's office sent, by certified mail, a second notice of tax sale to Swami at the physical address of the parcel adjoining the Swami property. That notice was returned marked "Returned to Sender—No Such Number." The auditor's office also posted an additional notice of the tax sale at a public place of posting in the county courthouse at least twenty-one days before the earliest date of application for judgment and published notice of the tax sale once each week for three consecutive weeks in the Fort Wayne Journal–Gazette and the Fort Wayne News–Sentinel newspapers.

On August 22, 2002, Jyothirmai received a notice of tax sale for Subhash and Jyothirmai's personal residence. As a result, Jyothirmai and two acquaintances inquired at the Allen County treasurer's office regarding the amount of property taxes owed on all parcels owned by Subhash or Swami. Based on the information obtained, Jyothirmai paid property taxes sufficient to bring current the taxes on two properties that had been scheduled for tax sale. Upon inquiry, a county employee informed Jyothirmai that no taxes were owed on the Swami property at issue in this appeal, so Jyothirmai did not bring the taxes current on that parcel.

The 2002 fall tax sale took place on September 18, 2002, and Retz bought the Swami property for $18,000. The auditor's office issued Retz a certificate of sale for the Swami property. On September 19, 2002, Retz brought current all of the delinquent taxes and unpaid fees of the Swami property. Because the amount Retz paid exceeded the amount owed for the delinquent taxes and fees, the auditor's office paid $1666.54 to satisfy delinquent property taxes owed by Swami on the adjoining parcel. The remaining surplus was then held in an account by the treasurer's office.

On May 28, 2003, the auditor's office sent, by certified mail, a "Notice to Owner and Interested Parties of Sale of Property for Unpaid Real Estate Property Taxes: Fall 2002 Tax Sale" to Swami at the address of record. The notice was returned to the auditor's office marked "Returned to Sender—Not Deliverable as Addressed—Unable to Forward." On October 7, 2003, after the redemption period for the Swami property had expired, the auditor's office sent, by certified mail, a "Notice of Petition for a Tax Deed—Fall 2002 Tax Sale" to Swami at the address of record. The mailing was returned to the auditor's office marked "Return to Sender."

On October 8, 2003, the auditor's office filed a petition with the Allen Circuit Court, requesting authority to issue a tax deed to Retz for the Swami property. On November 14, 2003, the circuit court is-

sued an order finding that the requisite conditions for the issuance of a tax deed had been satisfied. On November 24, 2003, the auditor's office transferred and conveyed to Retz a tax title deed for the Swami property.

At some point before November 4, 2003, a representative of National Cash Refund, Inc. ("NCR") contacted Subhash to inform him that it had located funds to which Swami was entitled. Based on a limited power of attorney executed by Subhash, NCR claimed the tax sale surplus on behalf of Swami on December 10, 2003. The check issued by the auditor's office was cashed on December 16, 2003.

On January 12, 2004, Swami filed its Verified Objection To The Issuance Of Tax Deed. Retz filed a motion for summary judgment, and Swami filed a response to Retz's motion and a cross-motion for summary judgment. After a hearing on both motions, the trial court granted Retz's motion and denied Swami's cross-motion for summary judgment. This appeal ensued.

## DISCUSSION AND DECISION

### Standard of Review

When reviewing summary judgment, this court views the same matters and issues that were before the trial court and follows the same process. *Estate of Taylor v. Muncie Med. Investors, L.P.*, 727 N.E.2d 466, 469 (Ind.Ct.App.2000), *trans. denied.* We construe all facts and reasonable inferences to be drawn from those facts in favor of the non-moving party. *Jesse v. Am. Cmty. Mut. Ins. Co.*, 725 N.E.2d 420, 423 (Ind.Ct.App.2000), *trans. denied.* Summary judgment is appropriate when the designated evidence demonstrates that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law. Ind. Trial Rule 56(C). The purpose of summary judgment is to terminate litigation about which there can be no material factual dispute and which can be resolved as a matter of law. *Zawistoski v. Gene B. Glick Co.*, 727 N.E.2d 790, 792 (Ind.Ct. App.2000).

We note that the trial court entered findings and conclusions in support of summary judgment. Although we are not bound by the trial court's findings and conclusions, they aid our review by providing reasons for the trial court's decision. *See Ledbetter v. Ball Mem'l Hosp.*, 724 N.E.2d 1113, 1116 (Ind.Ct.App.2000), *trans. denied.* If the trial court's entry of summary judgment can be sustained on any theory or basis in the record, we must affirm. *Id.*

### Issue One: Setting Aside a Tax Deed

Swami contends that the trial court erred when it refused to set aside the tax deed that was issued to Retz. Specifically, Swami asserts that but for the misrepresentation by the county employee that Swami owed no taxes, Swami would have paid the delinquent taxes on the Swami property and, thus, the trial court should have set aside the tax deed on equitable grounds. We cannot agree.

Indiana Code Section 6–1.1–25–16 ("Section 16") sets forth the proof required to defeat a tax title:

A person may defeat the title conveyed by a tax deed executed under [Indiana Code Section 6–1.1–25–4] *only if:*

(1) the tract or real property described in the deed was not subject to the taxes for which it was sold;

(2) the delinquent taxes or special assessments for which the tract or real property was sold were paid before the sale;

(3) the tract or real property was not assessed for the taxes and special assessments for which it was sold;

(4) the tract or real property was redeemed before the expiration of the period of redemption (as specified in section 4 of this chapter);

(5) the proper county officers issued a certificate, within the time limited by law for paying taxes or for redeeming the tract or real property, which states either that no taxes were due at the time the sale was made or that the tract or real property was not subject to taxation;

(6) the description of the tract or real property was so imperfect as to fail to describe it with reasonable certainty; or

(7) the notices required by [Indiana Code] 6–1.1–24–2, [Indiana Code] 6–1.1–24–4, and sections 4.5 and 4.6 of this chapter were not in substantial compliance with the manner prescribed by those sections.

(Emphasis added). As we noted in *Leininger v. Gren*, 596 N.E.2d 955 (Ind.Ct.App. 1992), *trans. denied*, "the legislative intent is clear from the words of [Indiana Code Section] 6–1.1–25–16 that a person may defeat a tax title 'only by proving' one of the seven defects."[2] *Id.* at 958. Thus, Section 16 must be strictly applied.

Swami does not contest that its challenge to the tax deed fails under a strict application of the statute. In a challenge to a tax deed, the tax deed is prima facie evidence of the regularity of the sale, the regularity of all proper proceedings, and valid title in fee simple in the grantee. Ind.Code § 6–1.1–25–4(d). Such prima facie evidence can be rebutted by showing the existence of one of the seven listed defects. Ind.Code § 6–1.1–25–16; *see also*

*Leininger*, 596 N.E.2d at 957–58. Swami has not shown or even asserted the existence of any of the defects listed in Section 16. Thus, Swami is not entitled to have the tax deed set aside under Indiana Code Section 6–1.1–25–16.

Instead, Swami argues that the trial court erred when it refused to allow relief based on a "literal" application of Indiana Code Section 6–1.1–25–16. *See* Appellant's Brief at 5, 7, 9. Specifically, Swami contends that it is entitled to equitable relief because it relied on a misrepresentation made by an employee in the county treasurer's office, namely, that no taxes were due on the Swami property. Thus, we examine whether Swami's claim would be recognized under a category of equity jurisprudence.

This court has granted equitable relief where no defect under Section 16 was demonstrated but where the integrity of the tax sale was nevertheless implicated. *See Atkins v. Niermeier*, 671 N.E.2d 155 (Ind.Ct.App.1996). In *Atkins*, Niermeier purchased property at a tax sale. The county auditor later instructed Niermeier to relinquish his tax sale certificate because the property had been redeemed. After Niermeier complied, he learned that the purported redemption was contrary to the tax sale statute. Specifically, the auditor had permitted Atkins to redeem the property, but Atkins was neither an occupant of nor a person with a substantial interest in the property.[3] When Niermeier learned that the property had been redeemed by a "stranger to the tax sale," he filed suit requesting the return of the tax certificate and an extension of the time

---

**2.** Since we decided *Leininger,* the legislature has amended the statute by changing "only by proving" to "only if." *See* Ind.Code § 6–1.1–25–16. That change does not materially affect our analysis.

**3.** Indiana Code Section 6–1.1–25–1 provides that only an occupant or a person with a substantial interest of public record in a tract sold at a tax sale may redeem that property.

period for redemption so that he could provide notice pursuant to the tax sale statutes. *Id.* at 158.

The trial court ordered the county auditor and treasurer to reissue a tax sale certificate to Niermeier. On appeal we affirmed that order, holding that:

> Niermeier did not voluntarily relinquish his tax sale certificate. Rather, he acted without knowledge of the material facts in reliance upon directions from the county auditor. A court of equity has the power to require that to be done which should have been done. It was within the trial court's equitable power to order the county auditor to reissue a tax sale certificate to Niermeier and thereby to reinstate his lien acquired pursuant to Indiana Code § 6–1.1–24–9(b).

*Id.* (citation omitted).

■ Swami relies heavily on *Atkins* to support its contention that "equitable relief is proper when a party relies on misinformation provided by county government, even where the equitable remedy contradicts the literal language of the tax statute." Appellant's Brief at 6–7. But Swami misreads *Atkins.* In *Atkins,* we affirmed the grant of equitable relief not merely because Niermeier had relied on misinformation from a government officer but because the property had not been redeemed by a qualified person and, thus, the tax sale was unlawful. Specifically, the auditor should not have allowed the property to be redeemed by a stranger to the tax sale. A tax sale is purely a statutory creation, and material compliance with each step of the statute is required. *Good-*

*rich v. Dearborn County (In re Sale of Real Prop.),* 822 N.E.2d 1063, 1070 (Ind. Ct.App.2005), *trans. denied.* The trial court's order in favor of Niermeier only required "to be done that which should have been done" under the tax sale statute. *Atkins,* 671 N.E.2d at 158. Thus, equitable relief was granted in order to remedy noncompliance with the statute.[4]

Here, Swami has not alleged that any part of the tax sale process or issuance of the tax deed did not comply with the tax sale statutes. Thus, there was nothing for the trial court to correct. Further, Swami overlooks the fact that it relied on the oral report from the auditor's office only because Swami had failed to notify the auditor of any change in its address of record as required by statute. *See* Ind.Code § 6–1.1–24–4(a) ("The owner of real property shall notify the county auditor of the owner's correct address."). Thus, Swami's reliance on the verbal report from the auditor's office is misplaced.

■ Having determined that *Atkins* does not apply on these facts, we next address whether Swami is entitled to relief on any other equitable grounds. As a general proposition, the trial court has full discretion to fashion equitable remedies that are complete and fair to all parties involved. *Porter v. Bankers Trust Co. of California,* 773 N.E.2d 901 (Ind.Ct.App. 2002). However, our courts usually will not exercise equitable powers when an adequate remedy at law exists. *Id.* (citation omitted). Equity has power, where necessary, to pierce rigid statutory rules to prevent injustice. *Id.* (citation omitted). But where substantial justice can be ac-

---

4. Swami also argues that *Leininger* is inconsistent with *Atkins,* but that contention is also misplaced. The court in *Leininger* did not reach the Leiningers' argument that equitable estoppel was applicable to their case. Rather, the trial court held that the Leiningers had not demonstrated any circumstances affecting the integrity of the tax sale, specifically regarding compliance with the notice provisions, and, therefore, that their remedies were limited to those listed in Section 16.

complished by following the law, and the parties' actions are clearly governed by rules of law, equity follows the law. *Id.*

■■■ As noted above, Swami attempts to invoke principles of equity to challenge the issuance of a tax deed and argues that the tax deed would not have been issued but for misinformation relayed by the treasurer's office that there were no delinquent taxes due on the Swami property. But, Swami is not entitled to equitable relief because it has "unclean hands." "The principle of unclean hands is that 'he who comes into equity must come with clean hands.'" *Villegas v. Silverman,* 832 N.E.2d 598, 607 (Ind.Ct.App.2005). The doctrine of unclean hands is not favored and must be applied with reluctance and scrutiny. *Id.* For this doctrine to apply, the misconduct must be intentional, and the wrong that is ordinarily invoked to defeat a claimant by using the unclean hands doctrine must have an "immediate and necessary relation" to the matter before the court. *Id.*

Swami cannot claim that it has come to the court of equity with clean hands because it failed to notify the county auditor of its change of address, thus thwarting delivery of the notice of tax sale and the notice of the petition for tax deed to it. Swami's address of record was Subhash's residential address. Subhash, Swami's president, knew how to notify the auditor of a change of address and had, in fact, filed with the auditor's office an affidavit providing a change of address of record with respect to five properties that Subhash personally owned. But neither he nor any other representative of Swami provided a change of address of record for Swami's property.

Because Swami failed to inform the auditor's office of its change of address, it cannot complain that it was misinformed about the status of taxes due or that it had no reason to know that the Swami property was scheduled for tax sale. If Swami had notified the auditor's office of its change of address, the auditor's office would have sent Swami notice of the tax delinquency and tax sale, and Swami would have had an opportunity to bring the taxes current either before the tax sale or during the redemption period. Thus, we conclude that the trial court did not err when it refused to set aside the tax deed on equitable grounds.[5]

Issue Two: Trial Rule 60(B)

■■ Swami next contends that it is entitled to relief under Indiana Trial Rule 60(B). Specifically, Swami asserts that it is entitled to present evidence of the auditor's misrepresentation under Rule 60(B)(3) or 60(B)(8). Swami is correct that a tax deed challenge may be raised under Trial Rule 60(B). *See Kessen v. Graft,* 694 N.E.2d 317 (Ind.Ct.App.1998), *trans. denied.* But Rule 60(B) merely provides one procedural avenue for challenging a tax deed, and by its nature an issue raised under Rule 60(B) must first be raised by motion to the trial court. *See* T.R. 60(B) ("On motion and upon such terms as are just the court may relieve a party . . . from an entry of default, final order, or final judgment[.]").

Rule 60(B) provides a procedure for challenging a tax deed but does not, in itself, afford a substantive claim. Further, Swami did not file a Rule 60(B) motion at the trial court challenging the tax deed. Thus, Swami cannot assert its challenge to the tax deed under Rule 60(B).

---

**5.** Swami also relies on case law from other jurisdictions to support its argument for equitable relief. But we are not bound by those decisions.

### Issue Three: Constitutional Challenge

Swami also argues that Section 16 is unconstitutional. Specifically, it argues that the statute violates Article I, Section 12 of the Indiana Constitution and the Due Process Clause of the United States Constitution. We address each argument in turn.

■ Swami first contends that Section 16 violates Article I, Section 12 of the Indiana Constitution because, when construed "literally, and if deemed superior and immune to any equitable rights, [Section 16] limits the inquiry in a petition challenging the validity of a tax deed to the seven claims set forth."[6] Appellant's Brief at 17. But Swami did not raise that constitutional argument below. Rather, in its cross-motion for summary judgment, Swami asserted a claim under Indiana Constitution Article I, Section 21.[7] Because Swami did not assert the Article I, Section 12 argument at the trial court, it has waived that argument for review. *See Area Plan Comm'n v. Wilson*, 701 N.E.2d 856, 863 n. 6 (Ind.Ct.App.1998) (holding, in an appeal that addressed the constitutionality of a special use ordinance under the Free Exercise Clause, that the failure to raise an Establishment Clause argument at the trial court resulted in waiver of that issue on appeal), *trans. denied.*

■ Swami next asserts that Section 16 violates federal due process principles. Substantive due process under the United States Constitution prohibits state action that deprives one of life, liberty, or property without a rational basis for the depriva-tion. *Parks v. Madison County*, 783 N.E.2d 711, 724 (Ind.Ct.App.2002). To determine whether the state action at issue violates the United States Constitution, we first determine whether a fundamental right is affected. *N.B. v. Sybinski*, 724 N.E.2d 1103, 1112 (Ind.Ct.App.2000), *trans. denied.*

■ Here, Swami asserts that Section 16's limitation of remedies violates the right to substantive due process. But Section 16 provides a remedy, not a right. Just as statutes of limitation restrict the availability of a remedy once the limitation period has expired, so, too, does Section 16 merely limit the remedies available to the listed situations affecting the integrity of the tax sale. Likewise, just as statutes of limitation do not violate due process by limiting remedies, at least, so long as a potential plaintiff is afforded some not unreasonably short period of time within which to bring his action, *Nahmias v. Trustees of Indiana University*, 444 N.E.2d 1204, 1208–09 (Ind.Ct.App.1983), the limitation in Section 16 of the ways to defeat a tax sale does not violate a substantive due process right. We conclude that Section 16 does not violate due process rights.

### Conclusion

Swami does not contend that either the auditor or Retz failed to comply with the notice requirements or any other statutory requirements in the tax sale statutes. Swami is not entitled to equitable relief because it has not demonstrated that the

---

6. Indiana Constitution Article I, Section 12 provides: "All courts shall be open; and every person, for injury done to him in his person, property, or reputation, shall have remedy by due course of law. Justice shall be administered freely, and without purchase; completely and without denial; speedily, and without delay."

7. In the cross-motion for summary judgment, Swami cited to Indiana Constitution Article I, Section 21 as follows: "No person's property shall be taken by law, without just compensation; nor, except in case of the State, without such compensation first assessed and tendered."

tax sale was unlawful and because it did not keep the auditor informed of its change of address as required by statute. Trial Rule 60(B) does not make available a substantive claim for challenging a tax deed, and Swami has not shown that Section 16 is unconstitutional. Thus, the trial court did not err when it granted Retz's motion for summary judgment and denied Swami's cross-motion for summary judgment regarding Swami's challenge to the tax deed.

Affirmed.

BAKER, J., and BAILEY, J., concur.