**Josef WHALEN a/k/a Joseph Allen Whalen, Appellant–Defendant,**

v.

**M. DOED, LLC, Appellee–Plaintiff.**

No. 18A02–0602–CV–110.

Court of Appeals of Indiana.

Dec. 27, 2006.

David J. Karnes, Dennis Wenger & Abrell, Muncie, IN, Attorney for Appellant.

Jon L. Orlosky, Muncie, IN, Attorney for Appellee.

## OPINION

SHARPNACK, Judge.

Joseph Whalen appeals the trial court's judgment in favor of M. Doed, LLC ("Doed"). Whalen raises two issues, which we consolidate and restate as whether the trial court's order granting Doed's petition for a tax deed is clearly erroneous. We affirm.

The relevant facts follow. Whalen owned property ("Property") in Muncie at 8770 South Center Road. Whalen filed for Chapter 13 bankruptcy in 1998. Doed purchased the Property at a tax sale on October 15, 2002, and Doed sent Whalen a notice of redemption.

On or about October 10, 2003, Whalen went to the Delaware County Auditor's Office. Whalen mentioned his bankruptcy, and Norma Wheeldon, the tax sale clerk in the auditor's office, sent Whalen to speak with Susan Dillon, the head cashier in the Treasurer's Office. Dillon informed Wheeldon that Whalen had filed a bankruptcy. Wheeldon and Dillon invalidated the tax sale. Whalen did not redeem the Property before the redemption period expired on October 15, 2003.

On November 11, 2003, Doed's attorney sent a letter to Wheeldon and Dillon that stated that the tax sale was incorrectly declared invalid because Whalen's bankruptcy petition did not name the Delaware County Treasurer or Auditor or the past due property taxes as a debt. Wheeldon subsequently reinstated the tax sale.

On November 12, 2003, Doed filed a petition for a tax deed. On November 21, 2003, Whalen filed an objection to Doed's petition. After hearings, the trial court entered the following order:

The parties appeared in person and by counsel for bench trial on December 5, 2005. Evidence heard and concluded, the Court took the matter under advisement. Now, having considered the matter fully and being duly advised, the Court FINDS and ORDERS as follows:

1. Prior to a certain tax sale occurring November 15, 2002,[1] [Whalen] was the record owner of a piece of real property located at 8770 South Center Road in Muncie, Delaware County, State of Indiana.

2. [Whalen] failed to pay part of the 2000 and all of the 2001 property taxes due and owing for the real estate and the property sold at tax sale on November 15, 2002.

3. On or about November 10, 2003, [Whalen] went to the office of the Treasurer, and spoke the [sic] cashier, Susan Dillon, inquiring about redeeming the property.

4. During their conversation, [Whalen] made mention of the fact that he had filed a bankruptcy action.

5. While [Whalen] had in fact filed for bankruptcy protection, he did not list his delinquent property taxes in the schedule of debts owed. [Whalen] did not inform anyone in the Auditor's or Treasurer's office that he had not listed the delinquent property taxes in the schedule of debts owed.

6. Ms. Dillon informed [Whalen] that if the property was in bankruptcy, the tax sale would probably be invalidated, that her office would have to investigate, and they would let him know what the status of the sale was.

7. Ms. Dillon did not tell [Whalen] that the sale had already been invalidated or that he should not redeem the property. Neither did she refuse any tender of proceeds to redeem the property.

8. [Whalen] did not, at any time, tender the proceeds to redeem the property and his right of redemption expired at midnight on November 14, 2003.

9. On October 16, 2003, after the last date by which [Whalen] could have redeemed the property, the tax sale was invalidated by the taxing authority.

10. Later, after it was learned that the delinquent property taxes were never included in the bankruptcy action, the sale was reinstated. [Doed], who had been refunded the proceeds form [sic] the tax sale after invalidation, resubmitted the purchase price in a timely fashion and filed his request for issuance of a tax deed.

11. [Whalen] denies knowing that the tax sale was ever reinstated, but did receive the required notices.

---

1. Whalen contends that many of the dates in this order are incorrect. We agree, as discussed later in this decision.

12. All notices required to be given to [Whalen] under IC 6–1.1 *et seq* were properly tendered.

13. [Doed] was the successful bidder at the tax sale and received a valid tax sale certificate for the affected property, despite the later confusion as to the validity of that sale.

14. To date, [Whalen] has yet to tender the necessary proceeds to redeem the property and, despite reopening the bankruptcy action, has yet to include the correct delinquent property taxes in the schedule of debts owed.

15. [Whalen] argues that the doctrine of equitable estoppel should be applied, asserting that the Treasurer's Office [sic]

16. An essential element of any estoppel is detrimental reliance on the adverse party's misrepresentations. *Lyng v. Payne*, 476 U.S. 926, 935, 106 S.Ct. 2333, 90 L.Ed.2d 921 (1986). The reliance must take the form of a definite and identifiable action. Specifically, "an estoppel arises when 'one person makes a definite misrepresentation of fact to another person having reason to believe that the other will rely upon it and the other in reasonable reliance does an act . . . .' " *Sheppard & Enoch Pratt Hospital, Inc. v. Travelers[ Ins. Co.]*, 32 F.3d 120, 127 (4th Cir.1994) (quoting *Heckler v. Community Health Servs. of Crawford*, 467 U.S. 51, 59, 104 S.Ct. 2218, 81 L.Ed.2d 42 (1984)).

17. [Doed] herein has made no misrepresentation to [Whalen].

18. The Court declines to find that the Delaware County Treasurer or the Auditor's office or any agent thereof made any definite misrepresentation of fact to [Whalen], upon which he should have reasonably relied.

19. [Doed]'s verified request for issuance of a tax deed herein should be granted.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that:

(1) The time of redemption has expired.

(2) The tract or real property has not been redeemed from the sale before the expiration of the period of redemption specified in section 4 of IC 6–1.1–24;

(3) All taxes and special assessments, penalties, and costs have been paid.

(4) The notices required by this section and section 4.5 of IC 6–1.1–24 have been given.

(5) [Doed] has complied with all the provisions of law entitling [Doed] to a deed

IT IS FURTHER ORDERED that the Auditor of Delaware County, Indiana, shall issue a tax deed to [Doed] for the specified property in Delaware County. . . .

IT IS FURTHER ORDERED that the Clerk of the Court provide a certified copy of this order to the Delaware County Auditor.

Appellant's Appendix at 76–78.

■ The issue is whether the trial court's order granting Doed's petition for a tax deed is clearly erroneous. The trial court entered findings of fact and conclusions thereon on its own motion. Sua sponte findings control only as to the issues they cover. *Yanoff v. Muncy*, 688 N.E.2d 1259, 1262 (Ind.1997). A general judgment will control as to the issues upon which there are no findings. *Id.* "A general judgment entered with findings will be affirmed if it can be sustained on any legal theory supported by the evidence." *Id.*

■ When a trial court has made findings of fact, we review the sufficiency of the evidence using a two-step process. *Id.* First, we must determine whether the evidence supports the trial court's findings of fact. *Id.* Second, we must determine whether those findings of fact support the trial court's conclusions of law. *Id.* We will set aside the findings only if they are clearly erroneous. *Id.* "Findings are clearly erroneous only when the record contains no facts to support them either directly or by inference." *Id.* "A judgment is clearly erroneous if it applies the wrong legal standard to properly found facts." *Id.*

■ In applying this standard, we neither reweigh the evidence nor judge the credibility of the witnesses. *Pitman v. Pitman,* 721 N.E.2d 260, 263–264 (Ind.Ct. App.1999), *trans. denied.* Rather, we consider the evidence that supports the judgment and the reasonable inferences to be drawn therefrom. *Id.* To make a determination that a finding or conclusion is clearly erroneous, our review of the evidence must leave us with the firm conviction that a mistake has been made. *Yanoff,* 688 N.E.2d at 1262.

We first address Whalen's arguments that the record does not support certain trial court's findings. First, Whalen argues that the trial court misstates the date of the tax sale. The trial court stated that the tax sale occurred on November 15, 2002. The tax sale certificate indicates that the tax sale occurred on October 15, 2002. Thus, we conclude that the trial court erred by finding that the tax sale occurred on November 15, 2002, and we will use the date of October 15, 2002, as the date of the tax sale for the purposes of this opinion.

Whalen also argues that the record does not support the following trial court's finding:

3. On or about November 10, 2003, [Whalen] went to the office of the Treasurer, and spoke the [sic] cashier, Susan Dillon, inquiring about redeeming the property.

Appellant's Appendix at 76. Whalen argues that he went to the Treasurer's office on October 10, 2003, and not November 10, 2003. We agree. The record reveals that the following exchanges occurred during the cross examination of Wheeldon:

Q. What were the circumstances surrounding that invalidation?

A. Uh, Mr. Whalen had come into the office. I believe, to talk about redeeming the property, and at that time, he mentioned something about bankruptcy, and I thought maybe he should talk to [Dillon] over in the Treasurer's Office, because that's part of her area. And, uh, she proceeded to come back over to the office and say that he had filed bankruptcy.

\* \* \* \* \*

Q. Okay. Once his discussion occurred with the Treasurer's Office and Susie came back to your office, what happened? What did you two decide to do with the tax sale?

A. Well, my notes here on this, this is United States Bankruptcy Court, uh, discharge of debtor. This is what [Dillon] brought over and showed to me. It's our, before a tax sale when [sic] show anything that has bankruptcy on it, we remove it from the sale and do not get it involved in a sale. And, so when she brought this over, we realized, well I wrote this note on this, so I do have a date. It was ten fourteen, 03 . . . .

* * * * *

Q. That was just a step in the process. Is that correct? The 16th wouldn't have been the day that, that was initially started. Correct?

A. Well, I initially began thinking about it and dealing with it on the 10th, when she told me it was in bankruptcy.

Transcript at 7, 84. Accordingly, the record does not support the finding that Whalen went to the Treasurer's Office on November 10, 2003. Rather, the evidence shows that Whalen went to the office on October 10, 2003.

A. *Tax Deed*

■■■ Whalen asks that we ultimately "set aside the Tax Deed." Appellant's Brief at 25. We recently addressed a claim that a tax deed was improperly issued in *Swami, Inc. v. Lee,* 841 N.E.2d 1173 (Ind. Ct.App.2006), *trans. denied,* and find that case instructive. In *Swami,* Swami Inc. ("Swami"), an Indiana corporation, purchased a parcel of real property. *Swami,* 841 N.E.2d at 1174. Swami paid no property taxes on the property from May 11, 2000, through July 2002. *Id.* The Allen County auditor's office sent written notices of the tax sale to Swami's address of record but the notices were returned as undeliverable. *Id.* at 1175. Eventually, the wife of the president of Swami inquired at the Allen County treasurer's office and a county employee informed her that no taxes were owed on the Swami property at issue in this appeal, so she did not bring the taxes current on that parcel. *Id.*

Thelma Retz bought the Swami property at a tax sale, and the auditor's office conveyed a tax title deed to Retz after the expiration of the redemption period. *Id.* at 1175–1176. Swami filed an objection to the issuance of the tax deed, and Retz filed a motion for summary judgment, which the trial court granted. *Id.* On appeal, Swami

argued that "but for the misrepresentation by the county employee that Swami owed no taxes, Swami would have paid the delinquent taxes on the Swami property and, thus, the trial court should have set aside the tax deed on equitable grounds." *Id.* at 1176. We disagreed and cited Ind.Code § 6–1.1–25–16, which sets forth the proof required to defeat a tax title as follows:

A person may, upon appeal, defeat the title conveyed by a tax deed executed under this chapter *only if:*

(1) the tract or real property described in the deed was not subject to the taxes for which it was sold;

(2) the delinquent taxes or special assessments for which the tract or real property was sold were paid before the sale;

(3) the tract or real property was not assessed for the taxes and special assessments for which it was sold;

(4) the tract or real property was redeemed before the expiration of the period of redemption (as specified in section 4 of this chapter);

(5) the proper county officers issued a certificate, within the time limited by law for paying taxes or for redeeming the tract or real property, which states either that no taxes were due at the time the sale was made or that the tract or real property was not subject to taxation;

(6) the description of the tract or real property was so imperfect as to fail to describe it with reasonable certainty; or

(7) the notices required by IC 6–1.1–24–2, IC 6–1.1–24–4, and sections 4.5 and 4.6 of this chapter were not in substantial compliance with the manner prescribed in those sections.

(Emphasis added). We held:

As we noted in *Leininger v. Gren,* 596 N.E.2d 955 (Ind.Ct.App.1992), *trans. de-*

*nied,* "the legislative intent is clear from the words of [Indiana Code Section] 6–1.1–25–16 that a person may defeat a tax title 'only by proving' one of the seven defects." *Id.* at 958. Thus, Section 16 must be strictly applied.

Swami does not contest that its challenge to the tax deed fails under a strict application of the statute. In a challenge to a tax deed, the tax deed is prima facie evidence of the regularity of the sale, the regularity of all proper proceedings, and valid title in fee simple in the grantee. Ind.Code § 6–1.1–25–4(d). Such prima facie evidence can be rebutted by showing the existence of one of the seven listed defects. Ind.Code § 6–1.1–25–16; *see also Leininger,* 596 N.E.2d at 957–58. Swami has not shown or even asserted the existence of any of the defects listed in Section 16. Thus, Swami is not entitled to have the tax deed set aside under Indiana Code Section 6–1.1–25–16.

*Swami,* 841 N.E.2d at 1177 (footnote omitted).

Here, Whalen argues that the tax deed should not have been issued because the tax sale had been invalidated. However, Whalen does not show or assert the existence of any of the defects listed in Ind. Code § 6–1.1–25–16. Thus, Whalen is not entitled to have the tax deed set aside under Ind.Code § 6–1.1–25–16. *See, e.g., id.*

#### B. *Equitable Estoppel*

In *Swami,* we also examined whether Swami's claim "would be recognized under a category of equity jurisprudence." *Swami,* 841 N.E.2d at 1177. Whalen makes a similar argument and argues that the trial court erred by finding that he should not have relied upon the actions of the treasurer's office and the auditor's office in invalidating the tax sale.

Specifically, Whalen argues that "[e]quitable estoppel should prevent the Auditor and Treasurer from reinstating the sale to the detriment of [Whalen] after affirmative representations that the sale had been invalid." Appellant's Brief at 20. Equitable estoppel applies if one party, through its representations or course of conduct, knowingly misleads or induces another party to believe and act upon his or her conduct in good faith and without knowledge of the facts. *Metro. Dev. Comm'n of Marion County v. Schroeder,* 727 N.E.2d 742, 752 (Ind.Ct.App.2000), *trans. denied.* In order to support his equitable estoppel claim Whalen must show his "(1) lack of knowledge and of the means of knowledge as to the facts in question, (2) reliance upon the conduct of the party estopped, and (3) action based thereon of such a character as to change his position prejudicially." *City of Crown Point v. Lake County,* 510 N.E.2d 684, 687 (Ind.1987).

Whalen argues that the trial court erred by finding:

7. Ms. Dillon did not tell [Whalen] that the sale had already been invalidated or that he should not redeem the property. Neither did she refuse any tender of proceeds to redeem the property.

Appellant's Appendix at 76.

At the April 28, 2004, trial, the following exchange occurred between Whalen's attorney and Dillon:

Q. Did you inform Mr. Whalen at any time, that he wouldn't need to redeem the property if it was invalidated because of the bankruptcy?

A. No.

Q. He was in your office requesting to redeem it, correct?

A. Right.

Q. And discuss his bankruptcy with you. Correct?

A. And tell, and that's when we found out he had, you know, was in bankruptcy, and that's when I went over to Norma.

Q. And you didn't tell him he didn't have to pay the redemption amount once it was invalidated?

A. Yes, I did. That's why we didn't go any further with the redemption.

Q. So, you told him he didn't need to redeem because of the bankruptcy?

A. I told him at this time, we would check into it.

A. And thereafter, once the letter from Jon came in November, did you ever make any correspondence with Mr. Whalen about the sale being reinstated?

Q. That's when I told him that, you know, there wasn't anything we could do. He needed to get, that it had to go through a lawyer.

Transcript at 23–24. At the December 5, 2005, trial, the following exchange occurred between the trial court and Dillon:

THE COURT: Ma'am, a couple of questions. First of all, did you ever tell Mr. Whalen don't bother redeeming the sale, we're going to invalidate it? Did you ever tell him that? Did you ever tell him not to redeem the sale?

A. No.

*Id.* at 67.

Whalen argues that "[t]he result of these deviations from the evidence should be weighed by the Court of Appeals to determine whether it should have affected the Court's findings in this matter." Appellant's Brief at 13. Our standard of review does not permit us to reweigh the evidence. *Pitman*, 721 N.E.2d at 263–264. The trial court found that Dillon did not tell Whalen that he should not redeem the Property. We must consider the evidence that supports the judgment and the rea-

sonable inferences to be drawn therefrom. *Id.* Based upon the record, we cannot say that the trial court's finding is clearly erroneous. Because Dillon did not knowingly mislead Whalen or induce action on his part, equitable estoppel cannot apply. *See, e.g., Hannon v. Metro. Dev. Comm'n of Marion County*, 685 N.E.2d 1075, 1081 (Ind.Ct.App.1997) (holding that appellants' equitable estoppel claim failed because the trial court's finding that receiving and accepting a tax payment does not reach the level of an affirmative action upon which appellants could support their estoppel claim was not clearly erroneous).

For the foregoing reasons, we affirm the trial court's judgment in favor of Doed.

Affirmed.

KIRSCH, C.J. and MATHIAS, J. concur.